**MOYER v. CARDILLO, Deputy Compensation Com'r.**

**No. 7605.**

United States Court of Appeals for the District of Columbia.

Argued Jan. 17, 1941.

Decided Feb. 24, 1941.

Aubrey St. C. Wardwell and Boynton P. Livingston, both of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., William S. Tarver, Asst. U. S. Atty., and John W. Iliff, all of Washington, D. C., for appellees.

Before Groner, Chief Justice, and Edgerton and Rutledge, Associate Justices.

GRONER, C. J.,

The single question for decision is whether appellant was at the time of his injury "an employee of an employer carrying on any employment in the District of Columbia".[1] He received his injury January 10, 1938, and duly filed claim for compensation, which the deputy commissioner rejected upon his own findings of fact as follows: "That the offices of the employer were formerly located in the District of Columbia, but that in December, 1937, the major part of the equipment of the business was removed to Cheverly, Maryland, although some operations, such as solicitations of business and deliveries, were continued in the District of Columbia; * * * that the injury occurred in Maryland; that the injury was not one within the jurisdiction of the District of Columbia Workmen's Compensation Act."

The case is here on appeal from an order of the District Court, declining an injunction.

The testimony is uncontradicted and undisputed. Appellant was an employee of the Moyer Coal Company, with its offices at 6301 Belair Road, in the District of Columbia. He was injured in a garage in Maryland temporarily occupied by his employer for the storage of trucks. Moyer Company had been engaged at the Washington address in the business of selling coal, wood, and fuel oil and in making deliveries in the District and in nearby Maryland since September 15, 1937. Its trucks carried both Maryland and District of Columbia tags. The company was licensed in the District as a coal dealer, carried District of Columbia employees compensation insurance, and held a two-year lease

[1] District of Columbia Employees' Compensation Act, § 1, 45 Stat. 600, D.C. Code, Tit. 19, § 11, 33 U.S.C.A. § 901 et seq.

786

of the Belair Road premises. A Washington bank held a mortgage on the property, and on the 11th of November, 1937, having previously completed foreclosure proceedings, gave Moyer Company thirty days notice to vacate. Thereafter, around about the middle of December, the company secured a temporary location across the line in Maryland for the storage of its trucks, and these were moved and operated from this location until after the injury. Operation of the business was continued, however, from 6301 Belair Road until January 15th, and the property was actually delivered to the bank January 17th. In the meantime an employee was retained on the premises on Belair Road to look after the mail and keep the office, take orders personally and by telephone, and assist in the delivery of various merchandise which had not then been moved from the premises.

■ The Longshoremen's and Harborworkers' Compensation Act was made applicable to the District of Columbia by Act of May 17, 1928, 45 Stat. 600, and in the enacting section it is provided that the employer carrying on any employment in the District of Columbia shall be liable for the payment of compensation "irrespective of the place where the injury or death occurs". The fact, therefore, that the injury occurred in Maryland does not lessen or affect the right of the employee to compensation if the employer was then in business in the District of Columbia.[2] And the answer to that question, in the facts of this case, seems to us so clear as to admit of no doubt.

■ The deputy, however, was of opinion that, because of the notice to vacate, prior to the injury, and the subsequent procurement of a temporary place of storage for trucks in Maryland, the employer thereby had ceased to be a person carrying on an employment in the District of Columbia. But the uncontradicted evidence is that the employer began business in the District and continued to operate in the District until a period subsequent to the injury. True enough, the trucks had been moved into Maryland, and the employer, knowing that the business also had to move, was engaged in selling out the merchandise, but all the while the usual and regular business of the firm was going on without interruption from the original location. No abandonment occurred till the delivery of the land to the bank on the 17th of January.

There are no differences between the deputy and ourselves as to the facts, but the conclusion drawn by him is, in our view, wholly without support in the evidence and, therefore, should be and is reversed and set aside and the case remanded to the lower court, with instructions to issue the injunction without prejudice to the deputy commissioner's right to pass upon the extent of the injury, amount of compensation, and any other reserved questions.

Reversed and remanded.

---

[2] Cf. Alaska Packers Ass'n v. Industrial Acc. Com., 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; 3 A.L.R. 1351; 18 A.L.R. 292; 28 A.L.R. 1345; 35 A.L.R. 1414; 45 A.L.R. 1234; 59 A.L.R. 735; 82 A.L.R. 709; 90 A.L.R. 119.