WARD v. CARDILLO et al.

No. 8275.

United States Court of Appeals for the District of Columbia.

Argued Feb. 16, 1943.

Decided April 19, 1943.

Mr. Nicholas J. Chase, of Washington, D. C., with whom Mr. Robert E. Lynch, of Washington, D. C., was on the brief, for appellant.

Messrs. Edwin A. Swingle and Ward E. Boote, Chief Counsel, United States Employees' Compensation Commission, both of Washington, D.C., with whom Messrs. Edward M. Curran, United States Attorney, Bernard J. Long, Assistant United States Attorney, and Ernest A. Swingle, all of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice and VINSON and EDGERTON, Associate Justices.

GRONER, C. J.

This is a compensation case under the Longshoremen's Act [1] in which the Deputy Commissioner rejected the claim. The District Court affirmed and the claimant appeals.

The uncontradicted evidence shows that the claimant lived in Loudoun County, Virginia, some forty miles from Washington, on the high road between Winchester and Washington. Prior to the end of the year 1940 he was in the habit of driving his own car to and from work, reporting each morning at 7 o'clock and leaving each evening around 6 or 6:30. Toward the end of 1940 he expressed dissatisfaction with his salary and requested an increase. His employer replied that he could not afford to pay more, but that in lieu of an increase he would furnish him transportation to and from his place of business in the employer's trucks, which passed his home regularly twice a day, thereby saving him approximately $5 a week. This offer was accepted and the arrangement made which continued until the injury. Ordinarily a Washington-bound truck passed claimant's home between 7 and 7:30 each morning, and a Roanoke-bound truck returning left Washington between 6 and 7 each evening. The arrangement was that claimant be ready at his home every morning at 7 o'clock and wait for the truck, the driver of which had instructions to stop and pick him up. Claimant customarily sat in his kitchen, from which he could see down the high road. When he observed the truck approaching he would leave the house, cross the road to where it stopped and board it. On the morning of the injury he saw the approaching truck and immediately left the house to cross the road, when he was struck by another vehicle, some 25 or 30 feet from the approaching truck, then drawing off the road to take him aboard.

On these facts the Deputy concluded that the employment had not commenced at the time of the injury and hence that the injury did not arise out of and in the course of the employment, and denied compensation. The single question is whether this conclusion is correct.

Much of the argument in this Court for appellees is based upon the principle that the Commissioner's findings, when supported by substantial evidence, are not subject to review by this Court. But we think this argument has no proper place here, for the question is not one of fact but of law. Considered in this view, appellees argue that since the transportation of ap-

[1] Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia by Act of May 17, 1928, 45 Stat. 600, D.C.Code 1940, § 36—501, 33 U.S.C.A. § 901 note.

pellant had not begun at the time of the injury, therefore the employment had not begun. It is said that employment begins when the employee has either entered the industrial premises, or in a case such as this, when transportation has started, and that in the present case there is no good reason to say that transportation started at any time before appellant actually boarded the conveyance furnished for him.

■ The question is not wholly without difficulty, but after full consideration of it and an examination of the cases we conclude that both principle and authority are contrary to the Deputy's holding. There are no applicable decisions in any of the Federal Circuits, which is easily understood, since only in this jurisdiction could a question of this nature arise under the Longshoremen's Act. But in a case from this Court, the Supreme Court of the United States, in 1933,[2] stated the general rule in these words: " * * * injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment [citing cases]. Ordinarily the hazards they encounter in such journeys are not incident to the employer's business. But this general rule is subject to exceptions which depend upon the nature and circumstances of the particular employment. 'No exact formula can be laid down which will automatically solve every case.' Cudahy Packing Co. v. Parramore, 263 U.S. 418, 424, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532. See, also, Bountiful Brick Co. v. Giles, 276 U.S. 154, 158, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402. While service on regular hours at a stated place generally begins at that place, there is always room for agreement by which the service may be taken to begin earlier or elsewhere. Service in extra hours or on special errands has an element of distinction which the employer may recognize by agreeing that such service shall commence when the employee leaves his home on the duty assigned to him and shall continue until his return. And agreement to that effect may be either expressed or be shown by the course of business. In such case the hazards of the journey may properly be regarded as hazards of the service, and hence within the purview of the Compensation Act." (Citing cases).

In Lake v. Bridgeport, 102 Conn. 337, 128 A. 782, the Supreme Court of Errors of Connecticut recognized the general rule as stated in the Voehl case, supra, but announced the four following exceptions:

(1) Where the employment requires the employee to travel on the highways; (2) where the employer contracts to and does furnish transportation to and from work; (3) where the employee is subject to emergency calls, as in the case of firemen; (4) where the employee uses the highway to do something incidental to his employment, with the knowledge and approval of the employer.

■ The instant case clearly falls within the second exception. As we have seen, the employer furnished transportation in lieu of a requested increase in salary. In effect he said to the employee: "Instead of paying you $5.00 a week additional I shall save you $5.00 a week that you are now required to spend, and to this end shall instruct my truck driver to pick you up at your home in the morning and drive you back home in the evening." In carrying out this agreement with respect to the morning travel, the truck, by reason of the rules of the road, could stop only on the far side of the highway upon which appellant lived. This involved the necessity of appellant's crossing the road and subjecting himself to the risks attendant to such crossing. We think these risks were incident to transportation in the truck, were assumed for the mutual convenience of the parties, and hence arose out of and in the course of the employment.

Precisely this was held by the Supreme Court of Appeals of Virginia in nearly identical circumstances in Scott v. Willis, 150 Va. 260, 142 S.E. 400, 401. In that case the employee had been transported by the employer from the plant to his home and was struck as he alighted and started to cross the road. The Virginia court said: "It could hardly be doubted, we think, that if the injury had occurred while the claimant was approaching the automobile for the purpose of commencing his journey, either to his work or to his home or while in the act of boarding it, that this would be compensable. * * * We think it can certainly be said that the transportation of this claimant to his home was not completed until he had reached a point which

---

[2] Voehl v. Indemnity Ins. Co., 288 U.S. 162, 169, 53 S.Ct. 380, 382, 77 L.Ed. 676, 87 A.L.R. 245.

exempted him from the risks incident to that particular journey."

Another case substantially alike in its facts is Flanagan v. Webster & Webster, 107 Conn. 502, 142 A. 201, 204. There, as here, there was an arrangement for the transportation of the employee from his home to the place of work. On the morning of the accident the employee left his home and went to the place where the truck usually picked him up. The truck had not arrived and, the weather being cold, he walked along the road in the direction from which the truck was approaching. When it got abreast of him he undertook to cross the road and was struck by an automobile. There, as here, the employer claimed that since the employee had not boarded the truck, the injury did not arise out of and in the course of the employment. The Connecticut court rejected this view. After stating that had the claimant waited at the designated point and been there injured while waiting, there would be no doubt that he would have been in the course of his employment, the court held that the fact that he had chosen another place to cross the road and board the truck did not change the rule, saying: "From the moment at least when the truck stopped and plaintiff began his attempt to cross the highway to board it, if not before, his employment began. He was then and thereafter until struck where he might reasonably have been engaged in attempting to reach the truck so that he might board it, and reasonably fulfilling the order of his employer and doing something which was incidental to his employment."

In Howes v. Stark Bros. Nurseries, 223 Mo.App. 793, 22 S.W.2d 839, 844, an employee alighted from his employer's wagon and started to cross the highway to board a bus furnished to take the employees home. He was struck by a car while crossing. The court held that the injury was compensable, notwithstanding the evidence showed that the claimant could have reached the bus without going upon the highway, saying: "Manifestly the plaintiff in the present case, while on the highway going from the barn to take the bus home after his day's work was done, had not removed himself from the course of his employment. * * We think, too, that the hazard of thus regularly and continuously using the highway in going from his work to the bus, was a hazard to which he was exposed in a peculiar way by reason

of his employment * * * so that, in any view of the case, there was a causal relation existing between the injury and the employment."

In Markoff v. Emeralite Surfacing Products Co., 190 Minn. 555, 252 N.W. 439, compensation was awarded to an employee hit by a car after he had alighted from his employer's truck and gone about five feet on his way across the road. The same general rule was announced by the Supreme Court of California in Dellepiani v. Industrial Acc. Comm., 211 Cal. 430, 295 P. 826, and was followed in Louisiana in Cole v. United States Fidelity & Guaranty, La.App., 6 So.2d 192. There are other cases in point, but we think enough have been cited.

Two cases have been called to our attention in which the contrary of this was held, Kostyum v. F. C. Sheldon Slate Co., 234 App.Div. 643, 251 N.Y.S. 906, affirmed, 259 N.Y. 515, 182 N.E. 160, and State Highway Commission v. Saylor, 252 Ky. 743, 68 S.W.2d 26. The New York case was decided without opinion by both the Appellate Division and the Court of Appeals, and its force is largely destroyed by a later opinion of the Court of Appeals in Sihler v. Lincoln-Alliance Bk., 280 N.Y. 173, 19 N.E.2d 1008, 1009. In the latter case the employee, who had stayed on the job upon the promise of the employer to see that he "got home safe," was injured while crossing the street after he had alighted from his employer's automobile on the opposite side of the street in front of his home. The court distinguished this case from the Kostyum case on the ground that in this case there was a special agreement to take the employee home and that this agreement was not fulfilled when he was "required to alight from the automobile at a point in the highway on the opposite side of the street from his home * * *."

In the Kentucky case to which we have referred the court held that the employer's obligation was fulfilled when he had deposited the employee safely on the side of the road and that from that time on he was subject to the ordinary risks of pedestrians. So far as we know, no court has followed this case, and its authority was impliedly rejected by the Court of Appeals of Louisiana in Cole v. United States Fidelity & Guaranty, supra.

Enough has been said, we think, to show that the facts of the instant case bring it

within the exceptions to the general rule recognized by the Supreme Court in Voehl v. Indemnity Ins. Co., supra.

As has been sufficiently stated already, the employee here was directed by the employer to take the truck when it arrived opposite his Virginia home. This involved crossing the road. The dangers of crossing were necessarily in contemplation when the arrangement was made. The injury resulted directly from these dangers. Consequently, it was the result of an incident to the employment and the conditions under which it was to be carried on, and is compensable under the Act.

Reversed.