**B. F. GOODRICH CO. et al. v. BRITTON,
Deputy Com'r for District of Columbia.**

**No. 8437.**

United States Court of Appeals.
District of Columbia.

Argued Nov. 9, 1943.

Decided Nov. 29, 1943.

Mr. Frank H. Myers, with whom Messrs. Norman B. Frost and Frederic N. Towers, both of Washington, D. C., were on the brief, for appellants.

Mr. Ward E. Boote, Chief Counsel, United States Employees' Compensation Commission, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Bernard J. Long, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee Britton. Mr. James E. McCabe, of Washington, D. C., for appellee Crowell.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

This is a compensation case and the appeal is from the order of the District Court affirming the Deputy Commissioner's award. The facts are these:

Preston Crowell, Jr., was an employee of appellant Goodrich Company. His headquarters were in its branch office in Washington, D. C. On January 4, 1941, near Gettysburg, while on his way back to this office from a business trip in Pennsylvania, he was fatally injured in an automobile accident, and he died four days later. Compensation was awarded to his widow under

the District of Columbia Compensation Act.[1] Goodrich and its insurance carrier appeal.

The case turns upon whether in the facts shown the local Act is applicable to the claim. The Deputy Commissioner found that Crowell had been employed by Goodrich Company in Pennsylvania, Virginia and the District of Columbia for a number of years prior to 1931, and, in the latter year, was assigned as salesman to the sales territory which included the District of Columbia, Maryland, Virginia, parts of North Carolina, West Virginia, Pennsylvania and Delaware. After a brief period of service in Norfolk, Virginia, he was provided by his employer with an office, a secretary and other facilities in its office building in the District of Columbia. He and his family thereafter resided in the District. The Goodrich Company's principal office and factory are located at Akron, Ohio. At the time in question it maintained a divisional headquarters in Washington, embracing the District of Columbia and the States as just above indicated.

Crowell's job at the time of his injury was to sell Goodrich products to "manufacturers" in the territory assigned to the division, and his usual custom was, in the solicitation of that business, to leave Washington by automobile Tuesday morning and return to his office in Washington Friday evening. In the year preceding his death he spent one hundred and thirty-four working days in the Washington office, thirty-seven days in Virginia, sixty days in Pennsylvania, ten days in North Carolina, twenty-six days in Maryland and two days in New York, making a total of one hundred and thirty-five days outside the District. When in Washington Crowell occupied his time at headquarters in official correspondence with the Company's Ohio office and generally in promoting the sales output of the Company. So far as the record shows, he had no free time of his own. Actual sales to manufacturers in the year preceding his death were largely to companies outside the District. Only about one-half of one per cent were in the District. In this respect appellants say that "Crowell worked not *in* Washington, but *out* of Washington"; and that as to his work with the Goodrich Company, he was not engaged in carrying on manufacturers' sales in the District of Columbia, though as to its other employees, appellants admit that Goodrich did maintain an office in the District and as to them was an employer carrying on an employment in the District. We think the contention wholly inadmissible.

The enacting section of the Act of Congress making the Longshoremen's Act applicable to the District of Columbia provides that it "shall apply in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs," and that the term "employer" shall be held to include every person "carrying on any employment in the District of Columbia, and the term 'employee' shall be held to mean every employee of any such person."

---

[1] Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901, made applicable to the District of Columbia by Act of May 17, 1928, 45 Stat. 600, D.C.Code (1940) § 36—501, 36—502, 33 U.S.C.A. § 901 note, as follows:

"*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the provisions of the Act entitled 'Longshoremen's and Harbor Workers' Compensation Act,' approved March 4, 1927, including all amendments that may hereafter be made thereto, shall apply in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs; except that in applying such provisions the term 'employer' shall be held to mean every person carrying on any employment in the District of Columbia, and the term 'employee' shall be held to mean every employee of any such person.

"Sec. 2. This Act shall not apply in respect to the injury or death of (1) a master or member of a crew of any vessel; (2) an employee of a common carrier by railroad when engaged in interstate or foreign commerce or commerce solely within the District of Columbia; (3) an employee subject to the provisions of the Act entitled 'An Act to provide compensation for employees of the United States suffering injuries while in the performance of their duties, and for other purposes,' approved September 7, 1916, as amended; and (4) an employee engaged in agriculture, domestic service, or any employment that is casual and not in the usual course of the trade, business, occupation, or profession of the employer.

"Sec. 3. This Act shall take effect July 1, 1928."

In its natural and ordinary meaning, this language, in the facts we have narrated, would seem unmistakably to bring the deceased employee within the coverage of the Act. The assertion that there are no manufacturers in the District of Columbia from whom orders may be obtained, with the result that Crowell was obliged from time to time to go outside in his solicitation of sales, does not change or vary this conclusion or bring into effect the compensation laws of Pennsylvania, the place of injury and death.

We have carefully considered the brief filed by counsel for appellants and just as carefully considered the cases cited to sustain it, but we are unable to find anything in the argument, or in the cases, to support a holding that the District compensation law is inapplicable. Counsel say that the correct rule in the determination of the proper situs of a claim or action in a compensation proceeding is the extent of the governmental interests involved; and on this theory that the real question is: Where was the employee most continuously employed in connection with the particular work he was employed to do. And since, admittedly, the employer made few, if any, sales to manufacturers in the District, and deceased's sales contacts were of necessity practically all outside the District, the correct conclusion is said to be that the District of Columbia had no governmental interest in regulating the relationship between him and his employer, or in imposing liability upon the employer for an injury suffered by him. But we think this argument, for whatever it may be worth, as applied here, is based on a mistaken viewpoint, in that it ignores the relationship of the parties as established by undisputed facts.

The better query, we think, is: Whether the employer was at the time of the injury engaged in business in the District of Columbia and whether deceased was an employee within the District in the carrying on of the business, and when injured was performing services in connection with this employment. The facts found by the Deputy and overwhelmingly confirmed by the evidence require the question to be answered in the affirmative. That Crowell had the status of an employee of an employer carrying on business in the District of Columbia is too clear for argument. His office was in the District, though his selling contacts were largely outside. His time was nearly equally divided between the two; each being an essential part of the other, since each in its natural sequence depended upon the other. In this view there can be no manner of doubt that he was within the language and intent of the local statute, and there is equally no manner of doubt that the protection afforded him by its terms was in all respects valid and within the power of Congress to prescribe. Alaska Packers Ass'n v. Industrial Comm., 294 U.S. 532, 541, 55 S.Ct. 518, 79 L.Ed. 1044.

2. The point is also made, though not strongly urged, that Crowell's death did not arise out of the duties of his employment. But as the Deputy Commissioner properly found as a fact that Crowell was injured while on a direct line of travel in connection with his work, it is quite clear that the injury was suffered while he was on Company business. Employers' Liability Assur. Corp. v. Hoage, 63 App.D. C. 53, 69 F.2d 227.

Affirmed.