362

**TRAVELERS INS. CO. v. CARDILLO, Deputy Commissioner, United States Employees' Compensation Commission, et al.**

No. 8567.

United States Court of Appeals District of Columbia.

Argued Feb. 14, 1944.

Decided March 20, 1944.

See, also, 78 U.S.App.D.C. 394, 141 F.2d 364.

Mr. Ernest A. Swingle, of Washington, D. C., with whom Messrs. Edwin A. Swingle and Allan C. Swingle, both of Washington, D. C., were on the brief, for appellant.

Mr. Ward E. Boote, Chief Counsel, United States Employees' Compensation Commission, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Daniel B. Maher, Assistant United States Attorney, both of Washington, D. C., were on the brief for appellee Cardillo.

Mr. Robert A. Wilson, of Washington, D. C., for appellee Beard.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

GRONER, C. J.

This is a compensation case. The appeal is from an order of the District Court dismissing appellant's complaint for review of an award by the Deputy Commissioner.

The question is whether compensation was allowable under the District of Columbia Compensation Act.[1]

The Deputy Commissioner found that the injury occurred in Maryland; that the employee was a resident of the District;

[1] Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia by Act of May 17, 1928, 45 Stat. 600, D.C.Code 1940, § 36—501, 33 U.S. C.A. § 901 note.

that the employer, a construction company, had its principal office in the District, and at the time of the injury and prior thereto was engaged in construction work there and in the immediate vicinity. Injured, a carpenter, was employed by the employer in April, 1940. He first worked on the National Guard Armory, then on the Naval Research Laboratory, then on the Marine Barracks at Bellevue, then on an office building on 18th and H Streets, Northwest,—all in the District of Columbia,—and then again on the Bellevue job. On July 28, 1941, he was sent to help take down a large building at the National Airport on the Virginia side of the Potomac River. When this work was done the dismantled building was hauled to the Dalecarlia Reservation, located just across the District line in the State of Maryland; and while there, on November 26, 1941, in the performance of his work on a Federal job, he sustained the injury for which he claimed and was awarded compensation in the District of Columbia.

Enough has been said to show that at the time in question the employer was a person carrying on an employment in the District and that injured was an employee of such person. In a similar state of facts we held in B. F. Goodrich Co. v. Britton, Dep. Com'r,[2] that the injury (occurring in Pennsylvania) was within the coverage of the District of Columbia Act.

In the present case appellant insists that the above cited case is not applicable and that the Maryland Act should be held to be exclusive, because (1), the work being done by the employer at the time of injury was on a Federal job under the control of the War Department, on property acquired and owned by the United States; and (2), because Congress in adopting the "Longshoremen's Act" as the compensation law for the District of Columbia, incorporated, as a part of the local law, Section 3(a) of the National Act.

■ We think there is no merit in either contention. The ground of the first is that by the Act of June 25, 1936,[3] Congress, in extending State compensation laws to construction work on buildings of the United States, vested *exclusive* jurisdiction in the Board of the State in which the work was being done in the case of injury to an employee in such work. But

we think this is a misinterpretation of the Act, for there is no language in the statute which directly or indirectly declares that jurisdiction in the State Compensation Board shall be exclusive. The statute goes no farther than to revest State jurisdiction which, presumably, Congress thought might be divested by the acquisition and ownership of the land by the United States for Federal purposes. The effect of the Act is, therefore, to restore the status quo ante, and the purpose was to make sure that employees of contractors during work on a Federal building in a Federal area would be able to recover compensation benefits for disability or death. If in this case the injured employee had made claim under the Maryland Act, and had pursued it to a final award and judgment in his favor, a different question would be presented. See Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208. But that is not the case. The District Act, under which this award was made, applies "in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs." And this, as we have seen we held in the Goodrich case, supra, authorizes an award under the District law without regard to the place of injury. In the circumstances of this case, injured might have secured a final award and judgment in Maryland, which would have been final and conclusive in the District and elsewhere,[4] but since this was not done, his right to claim under the District law is unaffected by the fact that the injury occurred in the construction of a Federal building in the State of Maryland.

■ Appellant's other point is that the District Act is not applicable because Congress adopted the Longshoremen's Act, in its entirety, as the District compensation law; and because Section 3(a) of the National Act expressly limits its jurisdiction to cases where "disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." Hence it follows, counsel suggests, that since there was here the right to compensation under the

[2] Goodrich v. Britton, Dep. Com'r, 78 U.S.App.D.C. 221, 139 F.2d 362.

[3] 40 U.S.C.A. § 290.

[4] Magnolia Petroleum Co. v. Hunt, supra.

Maryland law, there can be no right also under the District law. That Section 3(a) has no proper place in the District Act is obvious and the failure of Congress to expressly exclude it was perhaps due to inadvertence, but however that may be, the language of the enactment section of the District Act shows unmistakably the precise extent and the precise limitations of its jurisdiction and coverage, and these must be given effect, or else the whole purpose of the Act would be lost, and this would be contrary to the established rule of statutory construction.[5] The use of the language in Section 3(a) of the Longshoremen's Act was, of course, necessary in order to confine its provisions to cases in which under the grant to the United States of exclusive admiralty and maritime jurisdiction, the United States alone could validly provide compensation. To apply the limitations of the Section to the District of Columbia Act would destroy it, make it wholly inoperative and result in an absurdity. For as to the navigable waters it would be a meaningless duplication, and as to the exclusion of injuries compensable under State laws, it would be in the teeth of the language of the local law extending its provisions to cases of injury or death, irrespective of the place where either occurred.

Affirmed.

---

[5] Crawford,—Statutory Construction, Interpretation of Laws, Sec. 166.