**TRAVELERS INS. CO. v. CARDILLO, Deputy Commissioner, United States Employees' Compensation Commission, et al.**

No. 8566.

United States Court of Appeals District of Columbia.

Argued Feb. 14, 1944.

Decided March 20, 1944.

---

[5] Crawford,—Statutory Construction, Interpretation of Laws, Sec. 166.

Mr. Ernest A. Swingle, of Washington, D. C., with whom Messrs. Edwin A. Swingle and Allan C. Swingle, both of Washington, D. C., were on the brief, for appellant.

Mr. Ward E. Boote, Chief Counsel, United States Employees' Compensation Commission, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Daniel B. Maher, Assistant United States Attorney, both of Washington, D. C., were on the brief for appellee Cardillo.

Mr. Robert A. Wilson for appellee Lawrence.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

GRONER, C. J.

This is a District of Columbia compensation case, and was argued and submitted with No. 8567, decided today.[1] The two cases are in all respects alike, except that in No. 8567 the accident occurred in Maryland, while here it occurred in Virginia; and in No. 8567 the employer was permanently located in the District of Columbia, while in this case employer's main office is in New York. In each case the injured was a resident of the District of Columbia.

The Deputy Commissioner found as facts that on February 13, 1942, injured, while working as a carpenter on Lincoln Memorial Highway underpass, located near Arlington Cemetery in Virginia, sustained personal injury as the result of falling from scaffolding used in the work; that he had begun work for the Cayuga Construction Company, the employer herein, on September 18, 1941, in the District of Columbia; that after working about six weeks he accepted employment with another construction company, also engaged in work in the District of Columbia, but on January 13, 1942, returned to work for the Cayuga Company, and was employed on the South Capitol Street Bridge job in the District until January 20, 1942. On January 21, 1942, he was taken by the foreman on the job to the Lincoln Memorial Bridge job, where he worked until February 13, 1942, with the exception of one day and two hours, when he was returned to the District and worked again on the South Capitol Street Bridge job. The Cayuga Company was at the time engaged in construction work under three separate contracts, two located in the District of Columbia and one, the Memorial Bridge underpass job, just outside the District. The work was under the control of one foreman, and the equipment and materials were from time to time transferred from one project to another. The Cayuga Company maintained an office and a materials and equipment storage yard in the District. Injured's contract of employment was made in the District, was continuous and when he was transferred from one job to another, no separate contract of employment was entered into.

These findings, all of which are amply supported in the evidence, show a clear case of injury to an employee of an employer carrying on an employment in the District of Columbia, and no more than this is necessary to bring the case within the precise provisions of the District law. Goodrich v. Britton, Dep. Com'r, 78 U.S. App.D.C. 221, 139 F.2d 362; Moyer v. Cardillo, 73 App.D.C. 261, 119 F.2d 785.

Appellant, however, insists that even if this be true, there are other grounds on which the judgment should be reversed. The first of these is that since the work was a Federal job on lands in Virginia acquired and owned by the United States, the Virginia compensation law is the exclusive remedy under the terms of the Act of Congress of June 25, 1936.[2] The second is that because of the restrictions of Section 3(a) of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 903(a), which Congress carried into and made a part of the local Act, the latter Act does not furnish coverage in the facts of this case. Similar points were made in No. 8567, and are discussed and disposed of in the opinion in that case. Reference to what is said there is sufficient for our purposes here.

Affirmed.

---

[1] No. 8567—Travelers Ins. Co. v. Cardillo and Norman W. Beard, 78 U.S.App. D.C. 392, 141 F.2d 362.

[2] 40 U.S.C.A. § 290.