## RICHARDSON v. BRITTON et al.

### No. 10794.

United States Court of Appeals
District of Columbia Circuit.

Decided Oct. 18, 1951.

Rex K. Nelson, Washington, D. C., for appellant.

Ward E. Boote, Asst. Solicitor, U. S. Department of Labor, Employees' Compensation Division, Washington, D. C., with whom George Morris Fay, U. S. Atty., Joseph M. Howard, Asst. U. S. Atty., and Sidney Edelman, Atty., U. S. Department of Labor, Employees' Compensation Division, all of Washington, D. C., were on the brief, for appellee Britton.

Dale D. Drain, Washington, D. C., with whom Richard D. Drain, Washington, D. C., was on the brief, for appellee Western Union Tel. Co.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a workman's compensation case.[1] Appellant Richardson was employed as a messenger by the Western Union Telegraph Company. As presented to us on briefs and argument, the case involves an automobile accident. On March 31, 1945, as Richardson was driving to work, his car was in a collision.[2] On December 16, 1947, Richardson made claim upon his employer for compensation. Appellee Deputy Commissioner denied the claim upon four grounds: (1) The accident was not reported by Richardson, as required by the statute;[3] (2) the claim was filed too late;[4] (3) the injury was not incurred in the course of employment; and (4) the disability from which Richardson suffers was not caused by the accident. Richardson sued. From an adverse judgment he appeals.

The first three points involve complications, but we do not reach them, because, however they might be decided, Richardson's claim is barred by the fourth point.

██ We review this case under the rule laid down in O'Leary v. Brown-Pacific-Maxon, Inc.[5] Whatever may have been the scope and process of review under Cardillo v. Liberty Mutual Ins. Co.[6] (see Hurley v. Lowe[7]), it is now clear that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and the doctrine of Universal Camera Corp. v. National Labor Relations Board[8] apply to these cases. Accordingly, the question is whether the Deputy Commissioner's finding is supported by substantial evidence on the record considered as a whole.

██ We think there was clearly such evidence in support. The disability from which Richardson is presently suffering, and upon which his claim was based, is Parkinson's disease, the originating feature of which is a disorder of the basal ganglia in the brain. The record shows a difference of medical opinion as to whether this disease may be caused by a blow on the head. But, even so, these three features of the case are clear: (1) The disease is slow in developing, and Richardson's affliction with it was apparent when he was examined the day after the accident. (2) Even if a blow on the head might cause the disease, the basal ganglia are well-protected deep in the center of the head, and there was no evidence that Richardson received any blow on the head in the accident. (3) Richardson's personal physician, in a report filed with the Deputy Commissioner, stated that Richardson's disability was not the result of the accident of March 31, 1945.

Upon the whole of this record the Deputy Commissioner's finding that Richardson's disability was not shown to have been caused by the accident was clearly supported by substantial evidence. The judgment of the District Court must be and hereby is affirmed.

1. Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (1927), as amended, 33 U.S.C.A. § 901 et seq.; made applicable to the District of Columbia by Act of May 17, 1928, 45 Stat. 600, D.C.Code § 36–501 (1940), 33 U.S.C.A. § 901 note.

2. A second accident occurred on January 20, 1946, but no argument is presented to us concerning that accident, and there appears to be no evidence to support a contention that this accident contributed to Richardson's disability.

3. Sec. 12 of the Act, 44 Stat. 1431, 33 U.S. C.A. § 912.

4. Sec. 13 of the Act, 44 Stat. 1432, 33 U.S. C.A. § 913.

5. 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L. Ed. 483.

6. 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L. Ed. 1028.

7. 1948, 83 U.S.App.D.C. 123, 168 F.2d 553, certiorari denied, 1948, 334 U.S. 828, 68 S.Ct. 1338, 92 L.Ed. 1756.

8. 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456.