221 F.2d 515
 94 U.S.App.D.C. 377
 UNITED STATES FIDELITY AND GUARANTY CO., a corporation, Appellant,
v.
P. J. DONOVAN, Deputy Commissioner, District of Columbia
Compensation District, Bureau of Employees'
Compensation, United States Department
of Labor, et al., Appellees.
 No. 11937.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 20, 1954.
Decided Sept. 16, 1954.
 
 [94 U.S.App.D.C. 378] Mr. J. Joseph Barse, Washington, D.C., with whom Messrs. H. Mason Welch, John R. Daily, J. Harry Welch, and Charles B. DeShazo, Washington, D.C., were on the brief, for appellant.
 Mr. Ward E. Boote, Asst. Sol., U.S. Dept. of Labor, Washington, D.C., with whom Messrs. Leo A. Rover, U.S. Atty., Lewis A. Carroll, Asst. U.S. Atty., and James Edward Hughes, Atty., U.S. Dept. of Labor, Washington, D.C., were on the brief, for appellee, P. J. Donovan, etc., Mr. William J. Peck, Asst. U.S. Atty., Washington, D.C., and time record was filed, entered an appearance for appellee P. J. Donovan, etc.
 Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 Appellant, the compensation insurance carrier of the B & J Construction Company, Inc., brought this suit to enjoin the enforcement of a workmen's compensation award to appellee Blackburn, as the surviving wife of a deceased employee, James E. Blackburn. The complaint asserted that the Deputy Commissioner erred in determining that (1) he had jurisdiction over the injury, and (2) the injury arose out of and in the course of employment. The District Court refused to disturb the Deputy Commissioner's determinations, and granted his motion for summary judgment. We think this action is supported by the record.
 
 
 2
 Briefly, these are the pertinent circumstances. The B & J Company maintained its principal office in the District of Columbia, and there engaged in business and employed an office staff. Although, through choice, its construction operations were carried on outside of the District, it hired its employees through the union hiring hall in Washington. In December 1951, the job superintendent on a B & J Company project at Clinton, Maryland, directed the shop steward, Hunter, to go to the union hall to procure two additional laborers. Hunter, acting under this instruction, arranged the hiring of two laborers. One of these was Blackburn, who had been living in the District of Columbia and vicinity for many years. At the same time, Hunter arranged to transport Blackburn to and from the job daily, because, as Hunter testified, 'if it is a long distance out of town, like we were in Maryland, we have to make some arrangements to get them on the job.' As provided by the wage agreement between the employer and the union, Blackburn was to be paid 40 cents per day traveling expenses, which sum it was agreed Blackburn would pay over to Hunter. Blackburn's death resulted from injuries received in Maryland when the car, in which he was being driven by Hunter from the job site to the union hall in Washington, skidded on icy pavement.
 
 
 3
 [94 U.S.App.D.C. 379] (1) Findings of the Deputy Commissioner 'as to jurisdiction are entitled to great weight and will be rejected only where there is apparent error.'[1] The District of Columbia statute makes the Longshoremen's and Harbor Workers' Compensation Act[2] applicable 'in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs * * *.'[3] The B & J Company admittedly employed an office staff within the District. It was for the purposes of this case, and under the circumstances presented, an 'employer' within the comprehensive language of the statute. The particular employee killed or injured need not have been working at the time within the District of Columbia; on comes within the 'intent and design' of the statute when, as here, the employer's office, the place of hiring, the employee's residence and other factors provide 'some substantial connection between the District and the particular employee-employer relationship * * *.'[4]
 
 
 4
 (2) Ordinarily 'injuries sustained by employees when going to or returning from their regular place of work * * *' are not compensable,[5] but there are a number of exceptions to that rule.[6] One is that where the employer has undertaken to provide the transportation, either directly[7] or by money payments in lieu of transportation,[8] the travel is an incident of the employment. In determining whether there is such an undertaking, it is necessary to examine the 'nature and circumstances of the particular employment * * *.'[9]
 
 
 5
 In concluding that there was such an undertaking in Cardillo v. Liberty Mutual Ins. Co., the Supreme Court relied heavily upon a union wage agreement which imposed a contractual obligation on the employer to provide transportation to jobs situated outside the District of Columbia.[10] In the present case, however, it is unnecessary for us to decide whether the wage agreement alone, which merely provides for payment of traveling expenses,[11] likewise gives rise to such an obligation. For the [94 U.S.App.D.C. 380] wage agreement is but one circumstance of the employment; and it clearly appears from a consideration of all the circumstances that the Deputy Commissioner's finding that such a obligation existed is substantially supported by the record as a whole.[12]
 
 
 6
 Thus, Hunter was specifically instructed by the job superintendent to arrange for the hiring of two laborers, one of whom was Blackburn. In view of his testimony that because of the distance of the job site from the hiring hall 'we have to make some arrangements to get them on the job,' the Deputy Commissioner could well have concluded that Hunter had the incidental authority to arrange for transportation if the new employee had no other means of reaching the job. This being so, it follows that the travel arrangement between Blackburn and Hunter was not merely an arrangement of convenience between two co-employees; rather, it was an arrangement necessary to effectuate the employment of Blackburn, which was made by Hunter in behalf of and as an agent of the employer.
 
 
 7
 There are two supporting reasons for concluding that, contrary to the ordinary rule, the travel here was incidental to the employment: (1) Blackburn was hired specifically to work on the Maryland project. Thus, as in Cardillo v. Liberty Mutual Ins. Co., 'This was not a case of employees traveling in the same city between home and work. Extended cross-country transportation was necessary.'[13] In those circumstances, 'the hazards of the journey may fairly be regarded as the hazards of the service.'[14] (2) Under the arrangement between Hunter and Blackburn, Hunter was to be paid the 40 cents per day received by Blackburn as travel compensation. If, instead, Hunter were to have been paid directly by the employer for carrying workmen to the job, indubitably there would have been an undertaking by the employer to provide transportation. The mere fact that the money was to pass through Blackburn's hands en route to Hunter from the employer does not, in our opinion, affect the substance of the arrangement.
 
 
 8
 For the foregoing reasons, the action of the District Court is
 
 
 9
 Affirmed.
 
 
 
 [1]
 Cardillo v. Liberty Mutual Ins. Co., 1947, 330 U.S. 469, 474, 67 S.Ct. 801, 805, 91 L.Ed. 1028
 
 
 [2]
 Act of March 4, 1927, 44 Stat. 1424, as amended, 33 U.S.C.A. § 901 et seq
 
 
 [3]
 D.C.Code § 36-501 (1951), 33 U.S.C.A. § 901 note, emphasis supplied
 
 
 [4]
 Cardillo v. Liberty Mutual Ins. Co., 330 U.S. at page 476, 67 S.Ct. at page 806. See Travelers Ins. Co. v. Cardillo, 1944, 78 U.S.App.D.C. 394, 141 F.2d 364; B. F. Goodrich Co. v. Britton, 1943, 78 U.S.App.D.C. 221, 139 F.2d 362; Travelers Ins. Co. v. Cardillo, 1944, 78 U.S.App.D.C. 392, 141 F.2d 362
 
 
 [5]
 Voehl v. Indemnity Ins. Co., 1933, 288 U.S. 162, 169, 53 S.Ct. 380, 382, 77 L.Ed. 676; and see Clark v. Commercial Casualty Co., 5 Cir., 1938, 95 F.2d 58; Morgan v. Hoage, 1934, 63 App.D.C. 355, 72 F.2d 727; Guivarch v. Maryland Casualty Co., 5 Cir., 1930, 37 F.2d 268
 
 
 [6]
 In Ward v. Cardillo, 1943, 77 U.S.App.D.C. 343, 345, 135 F.2d 260, 262, we recognized four exceptions to the general rule as stated in the Voehl case: (1) where the employment requires the employee to travel on the highways; (2) where the employer contracts to and does furnish transportation to and from work; (3) where the employee is subject to emergency calls; (4) where the employee uses the highway to do something incidental to his employment, with the knowledge and approval of the employer. See Lake v. City of Bridgeport, 1925, 102 Conn. 337, 128 A. 782; Proctor v. Hoage, 1935, 65 App.D.C. 153, 81 F.2d 555
 
 
 [7]
 Ward v. Cardillo, 1943, 77 U.S.App.D.C. 343, 135 F.2d 260; Reeves v. Liberty Mutual Ins. Co., D.C.N.D.Tex.1943, 50 F.Supp. 772
 
 
 [8]
 Cardillo v. Liberty Mutual Ins. Co., 1947, 330 U.S. 469, 484, 67 S.Ct. 801, 91 L.Ed. 1028
 
 
 [9]
 330 U.S. at page 479, 67 S.Ct. at page 807
 
 
 [10]
 The agreement provided that "Transportation and any necessary expense * * * shall be furnished for all work outside the District of Columbia." Id., 330 U.S. at page 483, 67 S.Ct. at page 809
 
 
 [11]
 Article V, Sec. 4 of the present agreement provided in pertinent part: 'Contractors shall pay traveling expenses weekly along with the regular payroll disbursements by parties of the first part to parties of the second part using the following formula; expenses shall be made as follows: For the area contained in the zone of five (5) road miles from the District of Columbia line there shall be no travel time compensation. For the area of from five (5) road miles to fifteen (15) road miles from the District line the compensation shall be forty (40) cents per day. * * *'
 In the Liberty Mutual case, 330 U.S. at page 482, 67 S.Ct. at page 809, the Court said: 'To be sure, there are many holdings to the effect that, where the employer merely pays the costs of transportation, an injury occurring during the journey does not arise out of and in the course of employment; there must be something more than mere payment of transportation costs. But assuming those holdings to be correct and assuming the Deputy Commissioner's findings in this case to be justified, there is more here than mere payment of transportation costs.'
 
 
 [12]
 Judicial review in workmen's compensation cases is governed by the Administrative Procedure Act, 60 Stat. 237 (1946), 5 U.S.C.A. § 1001 et seq.; O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483; Richardson v. Britton, 1951, 89 U.S.App.D.C. 391, 192 F.2d 423, certiorari denied, 1952, 343 U.S. 920, 72 S.Ct. 676, 96 L.Ed. 1334
 
 
 [13]
 330 U.S. at page 484, 67 S.Ct. at page 810
 
 
 [14]
 Id. 330 U.S. at page 479, 67 S.Ct. at page 807