**Mary H. SHREVE, Plaintiff,**

v.

**HOT SHOPPES, INC.**

and

**Charles Kittredge, Defendants.**

**Civ. A. No. 2815–57.**

United States District Court
District of Columbia.

June 6, 1960.

Robertson, Gray & MacCutcheon by Lyle L. Robertson, Washington, D. C., for plaintiff.

Galiher & Stewart, by Wm. E. Stewart, Jr., Washington, D. C., for defendant Hot Shoppes, Inc.

Warburton & McGrath by J. Howard McGrath, Washington, D. C., for defendant Charles Kittredge.

McLAUGHLIN, District Judge.

This is a motion by the plaintiff for Judgment N.O.V., or in the alternative for a New Trial, following a jury verdict against her and in favor of both Defendants. The facts of the case as developed at trial may be briefly summarized.

On the evening of April 5, 1957, the Plaintiff reported for work as a waitress at one of the Defendant Hot Shoppes, Inc. (hereinafter referred to as Hot Shoppes) restaurants. There was an agreement between Plaintiff and the restaurant manager that when she finished her work she would be transported home by the night supervisor. Subsequently, when this became impossible it was arranged through conversations between Plaintiff and other Hot Shoppes employees that Plaintiff was to ride home with one Joseph T. Radcliff, the husband of another waitress. While Plaintiff was riding in Radcliff's automobile it collided with an automobile driven by the other defendant,

Kittredge. As a result of the accident the Plaintiff was seriously injured.

It was on these facts that the case was submitted to the jury, with Plaintiff alleging that both drivers were negligent, and that Radcliff in driving her home was an agent of Hot Shoppes. Plaintiff's position was that Hot Shoppes was negligent, not only under the doctrine of *respondeat superior,* but also for having failed to exercise due care in choosing Radcliff their agent to drive Plaintiff home. Each Defendant denied negligence. Further Hot Shoppes contended that Plaintiff's only remedy was under the Workmen's Compensation Law, since her injury was in the course of her employment. As aforesaid, the verdict of the jury was in favor of both Defendants.

██ Plaintiff did not move at trial for a directed verdict, which, under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is a condition precedent to a Judgment N.O.V. Mutual Benefit Health & Accident Ass'n v. Thomas, 8 Cir., 123 F.2d 353; also see 5 Moore, Federal Practice Par. 50.80. However, considering the entire record, the Court is not pursuaded that a Judgment N.O.V. would properly have been sustainable had a motion for directed verdict been made. As a basis for Judgment N.O.V. Plaintiff urges upon the Court that as a matter of law the negligence of both Defendants was established. The Court is not so persuaded. The Court feels that under the evidence the issue of the liability of each Defendant presented a question of fact which was properly submitted to the jury.

██ Nor does the Court feel that a new trial should be granted here. The granting of a new trial is at the discretion of the trial court, to be allowed when the Court does not feel that the verdict reflects a fair determination of the issues. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147. Here the evidence presented factual questions concerning negligence, proximate cause and vicarious liability, and the Court submitted the case to the jury with instructions covering these matters which the Court feels comprehensively and correctly stated the law. Under these circumstances the verdict can not be called unconscionable but reflects a reasonable determination of conflicting claims. Therefore the Court will not set it aside.

Plaintiff also contends that it was error for the Court to permit Defendant Hot Shoppes to interject as a defense the contention that the claim arose as a result of injury incurred in the course of Plaintiff's employment and that it was therefore cognizable only under the Workmen's Compensation Law. Plaintiff argues that Workmen's Compensation is, so to speak, an affirmative defense, which, since it was not raised in Defendant Hot Shoppes' answer to the complaint, could not be raised at trial. Further, Plaintiff argues that injury could not have been in the course of employment, since it occurred while she was being transported home after her working hours, and at a place some distance from the site of her employment.

██ In respect to the first of these contentions, the Longshoremen's and Harbor Workers' Compensation Act, (44 Stat. 1424, as amended, 33 U.S.C.A. § 901 et seq.,) which has been adopted as the Workmen's Compensation Law of the District of Columbia (D.C.Code 1951 Edition, Title 36, Section 501), is by its terms the exclusive remedy for injuries occurring in the course of employment (33 U.S.C.A. § 905). As such it is not an affirmative defense, like those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, to be pleaded or waived, but goes to the very jurisdiction of the Court (Huhn v. Foley Bros., 221 Minn. 279, 22 N.W.2d 3; State ex rel. Haddock Engineers v. Swope, 56 N.M. 782, 251 P.2d 266). Its effect is to withdraw from the Court the power to adjudicate the common law liability of a defendant, once it is established that Plaintiff's injury is within the scope of the statute.

██ The next question is whether, as a matter of law, it can be said that

the injury suffered by the Plaintiff in the instant case was not suffered within the scope of her employment. The Court is aware of the general rule that an injury sustained by an employee while traveling to and from work is not usually within the scope of the Workmen's Compensation Law. Voehl v. Indemnity Ins. Co., of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676. But the courts of this jurisdiction have repeatedly recognized an exception to this rule. Where the employer has agreed to, and does furnish the employee with transportation, the transportation becomes an incident of the contract of employment, and any injuries to the employee while so traveling are within the course of the employee's employment, and within the scope of the Workmen's Compensation Law. Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; United States Fidelity & Guaranty Co. v. Donovan, 94 U.S.App.D.C. 377, 221 F.2d 515; Ward v. Cardillo, 77 U.S.App.D.C. 343, 135 F.2d 260. Outside the District of Columbia, the courts, in construing their own Workmen's Compensation statutes have applied the same principle, that is, that when an employer agrees to furnish an employee with transportation, such transportation is within the course of the employment. In Littlefield's Case, 126 Me. 159, 136 A. 724, the employer had agreed to drive his employee, Littlefield, to and from the place of work. On the morning in question he was unable to fulfill his agreement, so he arranged to have another employee take Littlefield to the job site. After having picked up Littlefield, the other employee dropped his car off at a garage for repairs, and the two proceeded toward the job site in a car driven by a garage mechanic. While they were enroute an accident occurred, and Littlefield was killed. The Court held that his death was within the course of employment. See also Guerise v. Decker & Canning Co., 109 N.J.Law 8, 159 A. 815 and Katz v. Katz, 137 Conn. 134, 75 A.2d 57. In view of these authorities the Court can not hold as a matter of law that in the instant case Plaintiff's injuries were not within the course of her employment.

Lastly the Court feels that no prejudice to Plaintiff resulted from the failure of her counsel to offer in evidence that part of Mrs. Virginia Radcliff's deposition wherein Mrs. Radcliff states that a suit by her against Defendant Kittredge was compromised.

 It is a well established rule that evidence of settlement by parties to a suit is inadmissible, since the policy of the law is to favor such settlements. Even if the Court were, as Plaintiff's counsel suggests, to adopt the reasoning of the New York courts, the evidence would still have been inadmissible in this action. The New York cases hold that where a party to the settlement is a witness in a later suit involving the other party to the settlement, evidence of the settlement is admissible but only to affect the credibility of the witness (Keet v. Murrin, 260 N.Y. 586, 184 N.E. 104; Schenker v. Bourne, 278 App.Div. 699, 102 N.Y.S.2d 928, 929). Here, the testimony of Mrs. Radcliff, contained in her deposition, with respect to the settlement of her suit against Defendant Kittredge had been objected to at the taking of the deposition. The Plaintiff did not offer said testimony at the trial and contends that the failure to offer it was due to excusable neglect because of hurry and confusion at the time of the reading of the deposition at the trial. The only authority relied on for the admissibility of the evidence, if it had been offered, is the New York Rule announced in *Schenker*, supra, under which rule evidence of settlement of another suit would have been allowed to be introduced for impeachment purposes. If the subject evidence, admissible only for purposes of impeachment, had been offered here the objection made to it would necessarily have been sustained, since Plaintiff could not have been permitted to impeach her own witness. Consequently, Plaintiff's request for a new trial on the ground of excusable neglect or inadvertence in not offering the evidence cannot be granted.

In addition to the points discussed in this opinion, the Court has also considered carefully all other assignments of error made by Plaintiff's able counsel, but does not feel that individually or collectively they justify the Court's granting a new trial.

It Is Therefore Ordered, This 6th day of June, 1960, that Plaintiff's motion for Judgment N.O.V., or in the alternative for a New Trial be, and the same is, hereby denied.