**Mary H. SHREVE, Appellant,**

v.

**HOT SHOPPES, INC., and Charles Kittredge, Appellees.**

**No. 15985.**

United States Court of Appeals District of Columbia Circuit.

Argued May 1, 1961.

Decided May 25, 1961.

Mr. Lyle L. Robertson, Washington, D. C., with whom Messrs. Norman A. Gray and Robert L. MacCutcheon, Washington, D. C., were on the brief, for appellant.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Mr. Richard W. Galiher, Washington, D. C., was on the brief, for appellee Hot Shoppes, Inc.

Mr. Howard J. McGrath, Washington, D. C., for appellee Kittredge.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant took special and temporary employment as a waitress with appellee Hot Shoppes, Inc., on an agreement with the manager of one of its restaurants that she would be provided with transportation to her home at the end of her shift. When the night manager found that he could not leave the premises at the required hour to carry out this agreement, the hostess made inquiries among the other employees and arranged for appellant's transportation with another waitress whose husband was calling for her at approximately 1:30 a. m. En route the car was involved in an intersection collision with a vehicle driven by appellee Kittredge. Appellant brought this action against both appellees and the jury returned a verdict for the appellees. The appeal is taken from the denial of the appellant's motion for judgment notwithstanding the verdict or a new trial.

■ We find no error with respect to the judgment for appellee Kittredge. The case was submitted to the jury on disputed evidence and the instructions with respect to the liability of Kittredge adequately stated the relevant law.

■■ Appellee Hot Shoppes contends that appellant is limited to the remedy under the Workmen's Compensation Act of the District of Columbia, D.C.Code § 36–501 (1951), which adopts the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950, as amended, 33 U.S.C.A. §§ 907–933. The District Court submitted to the jury the question whether appellant was in the course of her employment and thus relegated to her remedy under the Workmen's Compensation Act. This was error because the applicability of the law is a question for the court. Since the jury returned a general verdict for appellee, we have no way of knowing whether the fact finders reached their conclusion because they believed, as it was submitted to them, that the Act was the exclusive remedy.

However, the record before us is sufficient for us to determine that the Workmen's Compensation Act is the exclusive remedy. Cf. United States Fidelity & Guaranty Co. v. Donovan, 1954, 94 U.S. App.D.C. 377, 221 F.2d 515. Hence the judgment for appellee Hot Shoppes is, on that ground

Affirmed.