ROGERS, District Judge.
This case involves a claim for personal injury brought pursuant to the Federal Tort Claims Act which was dismissed by the District Court on grounds that the defendant United States was entitled to immunity as a “statutory employer” or “common employer” under Florida workmen’s compensation law.
*134 We reverse.
Plaintiff/Appellant Bobby Joe Richardson (hereinafter referred to as “plaintiff”) was injured while working as a sandblaster at Hurlburt Field, Florida, a federal military reservation. The defendant/appellant United States (hereinafter referred to as “defendant”) owned certain water towers on that installation which were to be repainted. A contract for the repainting was awarded to Royal Painting Company. Plaintiffs employer, Rumsey Steeplejacks, subcontracted with Royal Painting Company to perform the necessary sandblasting.
Plaintiff was allegedly injured while sandblasting on a catwalk of one of the water towers about one hundred feet above the ground when he came in contact with bare electric wires protruding from the open end of a piece of conduit pipe and was rendered unconscious by electric shock from the wires. Plaintiff, it is alleged, was further injured during the ensuing rescue attempt.
Pursuant to government regulations, 41 C.F.R. § 1-10.502-1 both the general contractor, Royal Painting Company, and the subcontractor, Rumsey Steeplejacks, were required to maintain adequate workmen’s compensation insurance which could not be cancelled without prior notice to defendant United States. Such insurance was in effect at the time plaintiff was injured.
Plaintiff filed an action in the United States District Court for the Northern District of Oklahoma pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., alleging negligence on the part of defendant in the maintaining of an unreasonably dangerous condition and further negligence in the conduct of plaintiff’s rescue after he was injured.
The defendant United States filed a motion to dismiss alleging that it was entitled to immunity from third-party tortfeasor suits as a “statutory employer” under Florida workmen’s compensation law, citing Roelofs v. United States, 501 F.2d 87 (5th Cir. 1974), cert. denied 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975). The motion to dismiss was granted by the District Court, and that Order is the subject of this appeal.
Because the accident in question occurred in Florida, the Florida law of workmen’s compensation controls this action. Under the Federal Tort Claims Act, 28 U.S.C. § 2674, the United States is liable “in the same manner and to the same extent as a private individual under like circumstances.” Further, 40 U.S.C. § 290 mandates that the workmen’s compensation provisions of the State in which a federal installation is located shall apply within that installation.[1]
Two Florida statutes are applicable. F.S.A. § 440.10 requires that every employer within the provisions of the law must provide workmen’s compensation benefits. In a construction situation, a general contractor and all subcontractors are deemed to be engaged in the same enterprise, and the general contractor is liable for compensation payments for all the employees, including those of subcontractors which the general contractor has not required to maintain workmen’s compensation coverage.[2] Thus, the general contractor may be *135 referred to as a “statutory employer” or a “common employer”. F.S.A. § 440.11 provides that the workmen’s compensation coverage required by § 440.10 shall constitute the exclusive liability of the employer.
The decision of the lower court upholding the “statutory employer” defense proffered by defendant cannot stand because: (1) the exclusivity defense of § 440.11 is available only to one who has a duty to provide workmen’s compensation coverage; and (2) the United States in this case had no such duty for it was neither an employer nor a “contractor” within the meaning of F.S.A. § 440.10.
Under Florida law, the fact that the defendant voluntarily required the contractor and subcontractor to maintain workmen’s compensation insurance is “commendable”, but does not entitle the United States to the exclusivity defense of § 440.11. In Florida, an employer is entitled to the exclusivity defense only to the extent that such employer has a duty to provide workmen’s compensation coverage. In Jones v. Florida Power Corp., 72 So.2d 285, 287 (Fla. 1954), the Supreme Court of Florida wrote:
The fact that the Corporation [owner] in its contracts with Grinnell and Burns [general contractors] required them to provide workmen’s compensation for their employees is indeed commendable but is irrelevant to a determination of the question here presented. The question is whether the Workmen’s Compensation Act imposed upon the Corporation the duty, as an “employer” and “contractor”, to secure compensation for such employees. It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation — no more and no less.
See also Conklin v. Cohen, 287 So.2d 56, 59 (Fla.1973),[3] and Smith v. Ussery, 261 So.2d 164, 165 (Fla.1972).
The United States was not plaintiff’s direct employer. The defendant argues that it was a “contractor” within the meaning of the statute, and therefore had a duty to provide workmen’s compensation benefits and may avail itself of the exclusivity defense. However, it appears clear that the United States was not a “contractor” because it had no contractual relationship with plaintiff’s employer, subcontractor Rumsey Steeplejacks. Smith v. Ussery, supra, 261 So.2d at 166.
Further, the United States did not maintain any control over the completion of the work and therefore was not a “contractor”, but was only an “owner". An owner can be sued by an injured workman if the owner is alleged to be a third-party tortfeasor. State v. Luckie, 145 So.2d 239, 242 (Fla.App. 1962).
Defendant relies upon two cases which assertedly stand for the proposition that an “owner” can also be a “contractor”: Allison Developments, Inc. v. Rudasill, 202 So.2d 752 (Fla.1967), and Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla.1950). Defendant overlooks the fact that an “owner” is not a “contractor”, even though it deals directly with construction companies, unless the owner itself has a contractual obligation which it passes on or sublets to the party with whom it contracts. In an oft-cited passage, the Florida Supreme Court in Jones v. Florida Power Corp., supra, 72 So.2d at 289 wrote:
Nor can the Corporation [owner] be considered a “contractor,” (and thus the “statutory” employer of Burns’ and Grin-nell’s [general contractors] employees) within the meaning of Section 440.10 quoted supra, since the clear implication in this part of the Act is that there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another. To “sublet” means to *136 “underlet”, Webster’s New International Dictionary; in the context in which it is here used, the effect of subletting is to pass on to another an obligation under a contract for which the person so “subletting” is primarily obligated. The Corporation, under the facts here present, had no primary obligation under a contract which it was passing on to another. It was not, then, a “contractor” within the meaning of the Act.
See also Cork v. Gable, 340 So.2d 487, 489 (Fla.App.1977); Conklin v. Cohen, supra, 287 So.2d at 59; Smith v. Ussery, supra, 261 So.2d at 165; Street v. Safway Steel Scaffold Company, 148 So.2d 38, 42 (Fla.App. 1962).
The nature of the contractual obligation which must be present in order for § 440.10 to apply was explicated in State v. Luckie, supra, 145 So.2d at 242. In that case the defendant owned land . arid contracted to build an office building on the land which it would rent to a lessee. Defendant hired plaintiff’s employer to do some of the construction work. The Court held that the contract which the defendant had with the potential lessee was not the type of contract contemplated by the statute, and that the defendant was merely an owner and the plaintiff’s employer was an independent contractor rather than a subcontractor. The Court wrote:
. the type of contractual obligation by which one must be bound in order to be held a contractor within the meaning of the statute is the conventional type of contract entered into between a general contractor and an owner of property for whose benefit improvements are to be constructed or specified work is to be performed, by which the contractor agrees for a stated consideration to construct an improvement or perform the work in accordance with agreed plans and specifications, (emphasis added)
See also Cork v. Gable, supra, 340 So.2d at 489; Florida Power and Light Co. v. Brown, 274 So.2d 558, 560 (Fla.App.1973); and West v. Sampson, 142 So.2d 74, 78-79 (Fla. 1962).
In this case there is no indication that the United States was bound by any contractual obligation to undertake the duty to repaint the water towers. Thus, no such obligation was “sublet” to Royal Painting Company or to Rumsey Steeplejacks by the defendant. Certainly, the United States was not bound by the type of contractual obligation that is contemplated by Florida case law as requisite to application of the “contractor” concept of § 440.10. By every reasonable definition, the United States in this case was an “owner”, not a “contractor”. Therefore, the cases applying the “common employer” doctrine which has grown out of § 440.10 and which are cited in defendant’s brief are inapplicable.
In granting the dismissal, the court below apparently relied upon the only case cited in the brief in support of the motion, Roelofs v. United States, supra. Roelofs is a Fifth Circuit case arising under Louisiana law. The Louisiana workmen’s compensation statute is broader than the Florida workmen’s compensation statute, providing that if a “principal” contracts with a “contractor” to help do work which is part of the principal’s trade, business, or occupation, or which the principal has contracted to do, then the principal must provide workmen’s compensation coverage to the contractor’s employees.[4]
In Roelofs, the United States was sued by employees of a government contractor who were injured while working in an army ammunition plant. Because the United States had required the contractor to carry *137 workmen’s compensation insurance, it raised the exclusivity defense. The plaintiffs argued that due to preeminent sovereign immunity, the United States could not be required to comply with any State workmen’s compensation statute. Therefore, plaintiffs argued, the United States had no duty to provide workmen’s compensation (even though it had voluntarily done so), and thus was not entitled to the exclusivity defense against third-party tortfeasor actions.
In rejecting plaintiffs’ argument, the Fifth Circuit was merely holding that the doctrine of sovereign immunity did not require that the United States be treated differently than a private employer would be treated. In Roeiofs, it was assumed that the United States, had it been a private employer, would have been liable for workmen’s compensation under the Louisiana statute. We need not decide whether to adopt the position of the Roeiofs case on the sovereign immunity argument, for even if we followed it all this would mean is that the United States, despite its sovereign immunity, must be treated like a private employer in Florida. While the United States in Roeiofs would assumedly have been immune from a third-party tortfeasor action in Louisiana had it been a private person, for the reasons explained above the United States in this case would not have been immune from such an action had it been a private person. Roeiofs, therefore, is completely inapposite.
We conclude that because the United States is not a “contractor” under F.S.A. § 440.10, it is not entitled to the defense which it has claimed. Therefore, the lower Court acted erroneously in dismissing this action.
We reverse and remand consistent with the views expressed herein.

. The purpose of 40 U.S.C. § 290 is to insure that employees working on federal buildings in a federal area are able to recover compensation benefits for disability or death irrespective of the fact of federal ownership. Travelers Insurance Co. v. Cardillo, 78 U.S.App.D.C. 392, 141 F.2d 362 (1944).

. F.S.A. § 440.10(1) reads as follows:
“Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees, or any physician or surgeon providing medical services under the provisions of section 440.13 of the compensation payable under §§ 440.13, 440.15, and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment. A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such *135 contract work and is not protected by the exclusiveness of liability provisions of § 440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor." (emphasis added)

. The Conklin case is quite helpful to plaintiff and was recently cited as the basis for a Per Curiam decision in Hahn v. Bennett’s Reef, Inc., 330 So.2d 45 (Fla.App. 1976).

. The pertinent portion of La.Rev.Stat. 23:1061 provides:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; . . ."