577 F.2d 137
 BURROUGHS CORPORATION, Appellee,
v.
WESTON INTERNATIONAL CORPORATION, d/b/a Weston Leasing
Company, Appellant.
 No. 77-2102.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 2, 1978.
Decided June 19, 1978.
 
 Ronald P. Seres, Bethesda, Md., for appellant.
 Ralph N. Albright, Jr., Washington, D. C. (Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Washington, D. C., on brief), for appellee.
 Before WINTER, BUTZNER and HALL, Circuit Judges.
 K. K. HALL, Circuit Judge:
 
 
 1
 Burroughs Corporation ("Burroughs") brought this diversity action against Weston International Corporation ("Weston") alleging certain sums were due and owing Burroughs on sales contracts which the parties agreed were sufficient by their terms to warrant judgment for Burroughs. Weston's sole defense was that Burroughs failed to honor trade-in obligations evidenced by a letter from a Burroughs branch office manager to Weston bearing even date with one of the sales contracts. After the district court ruled this letter inadmissible Burroughs moved for summary judgment, which was granted, and Weston appeals. We reverse and remand for further consideration.
 
 
 2
 The only issue on appeal is whether the court erred in refusing to reconsider its ruling of inadmissibility when, by motion for reconsideration, Weston sought to introduce additional evidence of important and disputed facts surrounding execution and delivery of the letter and purchase order of even date, which facts, if proven, Weston argues would make the letter admissible at trial to prove the complete agreement of the parties regarding one of their sales transactions.
 
 
 3
 In 1969, Burroughs leased certain computer terminal equipment to Enjay Fibers and Laminates Company ("Enjay"). In 1970, a Burroughs salesman proposed to Enjay that this rental lease be converted into a purchase-lease by substituting a new party, Weston, as lessor. Burroughs did not make purchase-leases whereas Weston would make them on terms beneficial to all three parties. Under this proposal, Burroughs could realize an immediate sale of equipment, Enjay could own the equipment at the end of the lease term, and Weston could earn rental income on the purchase-lease. Enjay insisted on having the option to terminate the lease before the end of the lease term. The parties agreed and Weston purchased the equipment from Burroughs by submitting a purchase order to Burroughs dated December 30, 1970. W. H. Zentgrebe, office manager of Burroughs' branch office in Baltimore, Maryland, wrote a letter dated December 30, 1970, to assure Weston that the Enjay equipment would be accepted "in trade . . . should Enjay decide to replace the equipment in any of their locations." Later Enjay and Weston entered into their purchase-lease agreement. In 1974, Enjay terminated the lease early and Weston assumed possession of the equipment. Burroughs refused to repurchase the equipment. Weston refused to pay Burroughs for several purchases of equipment and Burroughs brought this action.
 
 
 4
 During pretrial proceedings, the parties stipulated many facts regarding the various sales contracts substantiating Burroughs' claims. Depositions were taken of several witnesses, including George Beck, Weston's representative in the disputed transaction, and Mr. Zentgrebe. The deposition of Zentgrebe indicates that he wrote the letter to Weston on the same day the purchase order was issued to Burroughs because Weston "asked for the letter." At a pretrial conference, the court requested counsel to brief the issue of whether the letter was admissible despite the inclusion of a form integration clause which was incorporated into the Weston purchase order by reference to Burroughs' standard terms and conditions of sale.
 
 
 5
 The following term was typed on a blank space on Weston's printed purchase order form:
 
 
 6
 "Burroughs (sic) acceptance of this order is conditioned upon an agreement by the buyer to the standard terms and conditions of Burroughs' standard order form for sale of its equipment. Buyer has signified acceptance of this condition through initialling by an authorized representative in margin hereof. Burroughs' standard terms and conditions of sale shall prevail."
 
 
 7
 This term was initialled in the margin. The standard terms and conditions of Burroughs' sale order forms include the following paragraph printed in bold type:
 
 
 8
 "There are no understandings, agreements, representations, or warranties, express or implied (including any regarding merchantibility or fitness for a particular purpose), not specified herein, respecting this contract or the equipment hereunder. This contract states the entire obligation of seller in connection with this transaction."
 
 
 9
 The Burroughs' sale order forms also provide that the contract be binding and effective at the earlier of acceptance by Burroughs at its home office, or delivery of equipment to the purchaser. Under Burroughs' terms and conditions, the purchaser waived notice of acceptance by Burroughs at its home office. Weston contended the letter was admissible as part of the agreement of the parties, primarily, because it was a consistent additional term to the Weston purchase order under one of the exceptions to the parole evidence rule applicable to sales transactions by the Maryland Uniform Commercial Code, Md.Anno.Code art. 95B, § 2-202 (1964 Repl. Vol.). Burroughs contended the integration term was unambiguous showing an intent of the parties to exclude all extrinsic evidence of their agreement, including the letter.
 
 
 10
 The court ruled the letter to be inadmissible because the integration clause showed that the parties intended the purchase order to constitute their integrated agreement. Weston's theory of admissibility under the exception to the parole evidence rule was rejected because the letter's trade-in terms were found to be inconsistent with the terms of the purchase order. The court also found that the purchase order could not have been intended to include the letter of the same date because it was not received by Weston until after Weston submitted its purchase order to Burroughs. The letter was found to be, at most, a counteroffer from Burroughs to Weston proposing an additional term. The court held that because no evidence had been produced by Weston to show its acceptance of this additional term, it could not be considered part of the parties' sales agreement. Finally, the court distinguished cases cited by Weston which presented situations where clearly the parties did not intend the sales contract to constitute their integrated agreement. In particular, Shoreham Developers, Inc. v. Randolph Hills, Inc., 248 Md. 267, 235 A.2d 735 (1966), was distinguished because the parties clearly intended to use two separate documents to evidence their transaction both of which were executed in the presence of the parties at the same time.
 
 
 11
 Weston made a motion for reconsideration alleging that if further evidence were taken on the issue of admissibility that it would show the purchase order and letter were physically exchanged one for the other in Burroughs' Baltimore branch office where it was left by its representative, Mr. Beck, for transmittal to the Burroughs home office along with the purchase order. Furthermore, Weston alleged that the very procedure used by Mr. Zentgrebe in this case to include the trade-in terms set forth in the letter was prescribed by a Burroughs field manual, except, in this case, a company letterhead was used instead of Burroughs' printed forms. Also, on appeal, Weston alleges that a custom had arisen between the parties regarding use of the letters and that it could be proven that similar letters of Baltimore branch office managers written to Weston regarding other Weston customers have been honored by Burroughs, one dated three months before and one dated three years after the Zentgrebe letter.
 
 
 12
 We hold that the court erred in refusing to reconsider its ruling on the admissibility of the Zentgrebe letter. The thrust of Weston's brief concerned one exception to the parole evidence rule which in effect presumed the purchase order to be the integrated agreement of the parties. Weston did not fully develop other theories of its case in its brief which, if supported by evidence, would make the letter admissible as evidence of the parties' complete agreement for this sales transaction.
 
 
 13
 The issue of admissibility of written or parole evidence at trial to prove the terms of an agreement of the parties requires an initial, substantive determination by the court of what constitutes the final and integrated agreement of the parties. Such evidence is admissible at trial only if it is found to be a part of or a subsequent amendment to that agreement. The determination is dependent upon the facts of each case, and no relevant evidence should be excluded in making this preliminary determination. No written documents are sufficient, standing alone, to determine this threshold issue. See Whitney v. Halibut, Inc., 235 Md. 517, 527, 202 A.2d 629 (1964).
 
 
 14
 If Weston can produce evidence of the facts it has alleged, the letter may be admissible at trial to support its affirmative defense. If the two writings were exchanged one for the other, the parties may have intended both documents to evidence their final agreement. If the letter was delivered and accepted after Weston submitted its purchase order, it may be admissible as a modification of the agreement to sell and purchase. If evidence of similar transactions can be produced to show that the parties established a course of dealing or engaged in a course of performance indicating their intention to include trade-in terms similar to those set forth in the letter, the letter may be admissible under Maryland law to explain the terms of the Weston purchase order. See Snyder v. Herbert Greenbaum and Associates, Inc., 38 Md.App. 144, 149, 380 A.2d 618, 622 (1977).
 
 
 15
 Of course, we are unable to determine whether any of these theories will be available to Weston as a matter of law because important and disputed facts surrounding execution and delivery of the documents in question have not been developed on the record before the district court. The parole evidence rule involves complex legal issues, and therefore every reasonable opportunity should be given to both parties to produce relevant facts tending to prove their complete agreement before a final ruling on the admissibility of any evidence of that intent is made. Weston's counsel should have supported its motion for reconsideration with affidavits specifying the evidence which it sought to produce. But, because the motion was timely made and the legal issues involved were complex, we hold that the court should have reconsidered its ruling of inadmissibility before granting summary judgment to Burroughs, and therefore reverse and remand for further consideration. The parties shall bear their own costs of taking this appeal. The judgment is
 
 
 16
 REVERSED AND REMANDED.