**John C. GARRETT, Appellant,**

v.

**WASHINGTON AIR COMPRESSOR COMPANY, INC., and Aetna Life and Casualty Company, Appellees.**

No. 82–1084.

District of Columbia Court of Appeals.

Argued March 22, 1983.

Decided Sept. 16, 1983.

Clement Theodore Cooper, Washington, D.C., for appellant.

Thomas G. Hagerty, Washington, D.C., for appellees.

Before MACK and TERRY, Associate Judges, and KELLY, Associate Judge, Retired.*

TERRY, Associate Judge:

This case requires us to decide whether an employee who has recovered workers' compensation under the District of Columbia's exclusive statutory scheme has the right to institute a separate action in the Superior Court against his employer and the employer's insurance carrier for their alleged failure to make timely payments. We hold that no such right exists and that the trial court properly dismissed appellant's complaint for lack of jurisdiction.

I

Appellant was employed by the Washington Air Compressor Company from January 1955 until sometime in 1979. His duties consisted primarily of operating a pneumatic drill. In 1970 appellant developed lung disease from the dust and particles emitted by the use of the drill. After treatment for what was believed to be tuberculosis, appellant returned to work sometime in 1974 or 1975. In 1979 appellant was diagnosed as having granulomous lesions in his lungs which required additional hospitalization and subsequent surgery, with a further diagnosis of silicosis and pulmonary fibrosis. He alleges that he is now totally and permanently disabled.

In January 1980 appellant filed a claim for workers' compensation pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 ("the Act"), made applicable to the District of Columbia by D.C.Code § 36–501 (1973).[1]

---

* Judge Kelly was an Associate Judge of the court at the time of argument. Her status changed to Associate Judge, Retired, on March 31, 1983.

1. The District of Columbia now has its own workers' compensation act, and the Longshoremen's Act is no longer applicable. D.C.Law 3–77, 27 D.C.Reg. 2503 (1980), codified as D.C.

Code §§ 36–301 through 36–345 (1981 & 1983 Supp.); see District of Columbia v. Greater Washington Central Labor Council, 442 A.2d 110, rehearing en banc denied, 445 A.2d 960 (D.C.1982), cert. denied, —— U.S. ——, 103 S.Ct. 1261, 75 L.Ed.2d 487 (1983). The instant case, however, is governed by the Longshoremen's Act, since all of the pertinent events occurred before the effective date of the new

He apparently became frustrated with the slow pace of the administrative process and, in July 1980, filed this suit in the Superior Court.

In his complaint appellant alleged that his employer, Washington Air Compressor, and its insurance carrier, Aetna Life and Casualty, had injured him by their failure to honor his claim for disability payments.[2] Aetna moved to dismiss the case for failure to state a cause of action, and the employer moved to dismiss it for lack of jurisdiction. The trial court granted Aetna's motion, thereby removing Aetna from the case, but denied the employer's motion without prejudice. The court then stayed the action against the employer pending resolution of the workers' compensation claim before the Department of Labor.

After a final settlement agreement was reached between the parties in the administrative proceeding, the employer filed a motion to set aside the stay and to dismiss the complaint for lack of jurisdiction. That motion was granted, and appellant noted this appeal.

## II

With respect to claims arising before the effective date of the new workers' compensation act,[3] the Longshoremen's Act applies (with certain limited exceptions not relevant to this case) to all employers in the District of Columbia. D.C.Code § 36–501 (1973); *Cardillo v. Liberty Mutual Ins. Co.*, 330 U.S. 469, 475, 67 S.Ct. 801, 805, 91 L.Ed. 1028 (1947); *Harrington v. Moss*, 407 A.2d 658 (D.C.1979). Under the Act's comprehensive scheme, employers are required to provide compensation to employees who are injured or killed in the course of their employment. 33 U.S.C. § 903; *Harrington v.*

*Moss, supra.* "A prime purpose of the Act is to provide employees with a practical and expeditious remedy for work-related injuries, while limiting the economic burden on employers by providing that their liability under the Act shall be 'exclusive' of all other liability." *Houston v. Bechtel Associates Professional Corp.*, 522 F.Supp. 1094, 1095 (D.D.C.1981) (citations omitted); *accord, Harrington v. Moss, supra; Mason v. District of Columbia*, 395 A.2d 399, 401 (D.C.1978) ("workmen's compensation statutes are intended to provide injured workers with a quicker and more certain recovery than could be obtained from tort suits based on common law theories"). For this reason, an employee is barred from bringing a common law tort action against his employer for injuries which have been or could be compensated under the Act. 33 U.S.C. § 905(a); *Harrington v. Moss, supra; Houston v. Bechtel Associates Professional Corp., supra; Shreve v. Hot Shoppes, Inc.*, 184 F.Supp. 436 (D.D.C.1960), *aff'd*, 110 U.S.App.D.C. 268, 292 F.2d 761 (1961); 2A LARSEN, WORKMEN'S COMPENSATION LAW § 65.10 (1982).

Appellant seeks to circumvent the Act's exclusivity provision by arguing that the relief he seeks falls outside the purview of the Act. He claims that his employer and his employer's insurance carrier should be found liable in a common law civil action for their joint failure to honor his claim for workers' compensation. In arguing that this type of "injury" is excluded from the Act, however, appellant ignores the fact that the Act provides a specific remedy for the wrong of which he complains.

Under 33 U.S.C. § 914(b), an employer's duty to pay compensation benefits arises "on the fourteenth day after the employer

---

act. *See Carey v. Crane Service Co.*, 457 A.2d 1102, 1103 n. 2 (D.C.1983).

**2.** The complaint sought (1) damages against the employer and the insurer for "breach of implied covenant of good faith under employment contract"; (2) damages against the insurer for bad-faith failure to pay benefits under the workers' compensation insurance policy;

(3) damages against the employer and the insurer for "deceit, oppression, malice and outrage" in refusing to pay benefits under the policy; and (4) a declaratory judgment "establishing the rights, duties and liabilities of the parties under the insurance policy."

**3.** *See note 1, supra.*

has knowledge of the injury or death [of the employee] .... " However,

> If the employer controverts the right to compensation he shall file ... on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice ... stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted.

33 U.S.C. § 914(d). The Act further provides that an employer who fails to make compensation payments pursuant to section 914(b) or to file a notice of a controverted claim under section 914(d) shall be fined an amount of ten percent of each installment due but unpaid. 33 U.S.C. § 914(e); *see Director, Office of Workers' Compensation Programs v. Cooper Associates, Inc.,* 197 U.S.App.D.C. 200, 607 F.2d 1385 (1979); *Newport News Shipbuilding & Dry Dock Co. v. Graham,* 573 F.2d 167 (4th Cir.), *cert. denied,* 439 U.S. 979, 99 S.Ct. 563, 58 L.Ed.2d 649 (1978). Accordingly, appellant's remedy for the alleged tardiness of Washington Air Compressor and Aetna in making payments under the Act was to seek an administrative fine pursuant to 33 U.S.C. § 914(e).[4] Appellant had no right to file an independent civil action in the Superior Court. The trial court was therefore correct in dismissing appellant's complaint.[5]

*Affirmed.*

---

[4] The provisions of 33 U.S.C. § 914, including the penalty provision of subsection (e), apply equally to the employer and its insurance carrier. *Pennsylvania Nat'l Mutual Casualty Ins. Co. v. Spence,* 591 F.2d 985 (4th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 448, 62 L.Ed.2d 375 (1979).

[5] The action against Aetna was originally dismissed for failure to state a cause of action, rather than for lack of jurisdiction. However, as we have held on numerous occasions, this court may affirm a decision for reasons other than those given by the trial court. *Marinopoliski v. Irish,* 445 A.2d 339, 340 (D.C.1982); *Max Holtzman, Inc. v. K & T Co.,* 375 A.2d 510, 513 n. 6 (D.C.1977); *Franklin Investment Co. v. Homburg,* 252 A.2d 95, 97 (D.C.1969); *General Electric Credit Corp. v. Security Bank,* 244 A.2d 920, 923 n. 3 (D.C.1968); *accord, Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 157, 82 L.Ed. 224 (1937), and cases cited therein.