**RAILCO MULTI–CONSTRUCTION COMPANY, et al., Petitioners,**

v.

**Robert GARDNER and Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Respondents.**

No. 87–1156.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 23, 1987.

Decided May 4, 1990.

David P. Durbin, with whom Edward J. Lopata and D. Stephenson Schwinn, Washington, D.C., were on the brief, for petitioners.

Joshua Gillelan II, Attorney, Dept. of Labor, with whom George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., and J. Michael O'Neill, Attorney, Dept. of Labor, Washington, D.C., were on the brief, for respondent Director, Office of Workers' Compensation Programs.

Kevin B. Byrd, Washington, D.C., for respondent Gardner.

Before BUCKLEY and WILLIAMS, Circuit Judges, and HOGAN,* District Judge.

Opinion for the court filed by District Judge HOGAN.

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a).

1. The 1928 Act simply made applicable to the District of Columbia the provisions of a federal act, the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* (1982) ("LHWCA"). Claims under the LHWCA, including those originating in the District of Columbia under the 1928 Act, are administered by the Office of Workers' Compensation Programs ("OWCP") of the United States Depart-

THOMAS F. HOGAN, District Judge:

At issue in this case is the fate of local workers' compensation claims falling within a potential coverage gap inadvertently created by the Council of the District of Columbia when it enacted the Workers' Compensation Act of 1979, D.C.Code § 36–301, *et seq.* (1988) ("1979 Act"), and simultaneously repealed the Workers' Compensation Act of 1928, D.C.Code § 36–501, *et seq.* (1973) ("1928 Act").[1] Specifically, the question posed is whether the 1979 Act, rather than the repealed 1928 Act, covers a worker's injury or disease if the employment events that gave rise to the injury occurred before the 1979 Act took effect, but the worker did not become aware of the injury and its job-relatedness until after that time. In short, the issue is whether the 1979 Act's coverage is triggered by "exposure" or "manifestation." On this question hinges the propriety of OWCP's exercise of jurisdiction over the present case and hundreds of similar cases pending before the Department of Labor under the 1928 Act.

Finding this to be a matter of local law on which there was no controlling precedent, this court certified the question to the District of Columbia Court of Appeals on May 3, 1988, pursuant to D.C.Code § 11–723 (1988 Supp.).[2] On October 5, 1989, the District of Columbia Court of Appeals issued its responsive opinion. *Railco Multi–Construction Co. v. Gardner*, 564 A.2d 1167 (D.C.1989). The court held that manifestation after the effective date triggers coverage of the 1979 Act, but that any gap in coverage would be filled by continued application of the 1928 Act:

ment of Labor. Claims under the 1979 Act are administered by the District of Columbia Department of Employment Services ("DOES"). OWCP's determinations are subject to review by the Benefits Review Board of the Department of Labor, and the Board's decisions are then appealable to this court. *See* 33 U.S.C. § 921(c) (1982). DOES's determinations are subject to review by the District of Columbia Court of Appeals. *See* D.C.Code § 36–322(b)(3) (1988).

2. This court had similarly held in *Keener v. Washington Metropolitan Area Transit Authori-*

the 1979 Act applies unless there is no subject matter jurisdiction of a claim under that Act or any other state law, in which event, to avoid depriving an injured worker of any workers' compensation coverage, the [LHWCA], as extended by Congress to District of Columbia private sector workers in [the 1928 Act], will apply.

*Id.* at 1168. This holding, to which we must defer as a matter of local law, *see Hall v. C & P Telephone Co.*, 793 F.2d 1354, 1356–58 (D.C.Cir.1986), requires that the present case be remanded to the Benefits Review Board for further consideration of OWCP's jurisdiction.

## I. BACKGROUND

### A. *Legal*

In 1928 Congress, acting as the legislative authority for the District of Columbia, *see* U.S. Const. art. I, § 8, cl. 17, enacted the District of Columbia Workmen's Compensation Act of 1928, which simply made the substantive and procedural provisions of the LHWCA applicable to private sector employees in the District. Pub.L. No. 419, 45 Stat. 600 (1928) (codified at 36 D.C.Code § 501 (1973)).[3] A half-century later, after the District had achieved limited home rule, the Council of the District of Columbia repealed the 1928 Act and replaced it with the Workers Compensation Act of 1979. *See* D.C.Code § 36–301, *et seq.* (1988).[4] *See*

*generally District of Columbia v. Greater Washington Central Labor Council*, 442 A.2d 110, 115–17 (D.C.1982) (upholding Council's authority under Self–Government Act to repeal the 1928 Act as an Act of Congress "restricted in its application exclusively in or to the District"), *cert. denied*, 460 U.S. 1016, 103 S.Ct. 1261, 75 L.Ed.2d 487 (1983).

The Council's repeal of the 1928 Act was designed to "divorce[ ] the local workers' compensation system entirely from the [LHWCA]." *O'Connell v. Maryland Steel Erectors, Inc.*, 495 A.2d 1134, 1141 (D.C. 1985), *cert. denied*, 475 U.S. 1066, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), *quoted in Railco*, 564 A.2d at 1176. The LHWCA was considered too broad and too generous, and the 1979 Act was intended to bring the District's workers' compensation law more in line with that of its neighboring jurisdictions. *See generally Hughes v. District of Columbia Department of Employment Services*, 498 A.2d 567 (D.C.1985). In contrast to the 1928 Act's extension of coverage to "an employer carrying on any employment in the District of Columbia," 36 D.C.Code § 501 (1973), the 1979 Act restricts the geographic scope of coverage to employment that, at the time of injury or death, is "principally localized in the District of Columbia," D.C.Code § 36–303(a) (1988).

Notwithstanding its repeal, the 1928 Act remains in force under the general savings

---

ty, 800 F.2d 1173, 1175 (D.C.Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987), that the issue presented in that case was "a question of local law," reasoning that the issue affected "only District of Columbia workmen's compensation claims" and depended "on what the D.C. Council intended when it passed the 1982 Act." *Id.* at 1178. The "1982 Act" referenced in *Keener* is the 1979 Act—which became effective on July 24, 1982. Because the District of Columbia Court of Appeals refers to the Act as the 1979 Act, we shall adopt that convention here to avoid confusion.

3. Captioned "An Act to provide compensation for disability or death resulting from injury to employees in certain employments in the District of Columbia, and for other purposes," it provided, in relevant part, as follows:

[T]he provisions of the Act entitled "Longshoremen's and Harbor Workers' Compensation Act," approved March 4, 1927, including all amendments that may hereafter be made thereto, shall apply in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs; except that in applying such provisions the term "employer" shall be held to mean every person carrying on any employment in the District of Columbia, and the term "employee" shall be held to mean every employee of any such person.

*Id.*

4. Section 46, which repealed the 1928 Act, is not codified, but was published in the District of Columbia Register at 27 D.C.Reg. 2541 (1980).

statute, 1 U.S.C. § 109 (1982), "for the sole purpose of preserving the provisions of the Longshoremen's Act, as they existed in 1982, for the benefit of employees whose claims are derived from injuries occurring before the [1979] Act became law." *Keener*, 800 F.2d at 1175 (emphasis omitted); *see also Garrett v. Washington Air Compressor Co.*, 466 A.2d 462, 462 n. 1 (D.C. 1983). Poorly drafted in this respect, the 1979 Act itself has no savings clause and does not define when an occupational disease or injury is deemed to "occur" for purposes of temporal coverage. The silence of the 1979 Act on this issue gave rise to the present controversy.

### B. *Factual and Procedural*

Respondent Robert Gardner first came to the District in 1958 as a construction worker. For nine years, Mr. Gardner worked for several employers in connection with the construction of the Washington Metro subway project. His last employer on the Metro project was petitioner Railco Multi–Construction Co., beginning in September 1981. From September 1981 to June 1982, he worked for Railco on the subway construction project at L'Enfant Plaza in the District. From June to September 1982, he was transferred by Railco to work on the subway in Virginia. Railco laid him off on September 15, 1982, when the Virginia construction was completed.

Mr. Gardner's work on the subway project for Railco exposed him to loud machinery in underground tunnels. Although he had been exposed to loud noise on the job throughout the nine years he worked on the Metro project, his greatest exposure to noise occurred on the Railco construction projects. He began to notice a constant ringing in his ears in March 1982, but did not have his hearing examined by a doctor until September 16, 1982, the day after he left Railco. At that time the doctor diagnosed Mr. Gardner as having a noise-induced hearing loss, which in the doctor's opinion was work-related.

Mr. Gardner filed a workers' compensation claim for his hearing loss with OWCP on January 6, 1983. His claim was heard by an administrative law judge ("ALJ") on March 30, 1984. The ALJ issued a decision and order awarding benefits on June 17, 1985. A.R. at 19. In doing so, the ALJ rejected the arguments of Railco and Lumbermens Mutual Casualty Co. ("Lumbermens"), Railco's compensation carrier, that OWCP lacked jurisdiction because the injury occurred after July 26, 1982. The ALJ found that Mr. Gardner first discovered his hearing loss and its work-relatedness on September 16, 1982, but reasoned that

> [i]f this were an injury that occurred solely on September 16th or even if it could be shown that it occurred only from July 26,—September 16, 1982, I would agree with Respondents. But this hearing loss occupational disease injury actually occurred continually over a period of about 9 years ending September 16, 1982, during the entire time the Claimant was employed on the Metro subway project. Almost all of this injury occurred prior to July 26, 1982 and for this reason I conclude that the parties are subject to jurisdiction of the 1928 D.C. Workmen's Compensation Act and the Longshoremen's Act incorporated therein.

A.R. at 26. Rejecting the remaining defense arguments that the claim was time-barred, the ALJ awarded Mr. Gardner compensation benefits, medical care expenses, and attorneys' fees.

Railco and Lumbermens obtained review of the ALJ's decision by the Benefits Review Board. The Board affirmed the ALJ in a decision and order issued June 11, 1986. A.R. at 7. Railco and Lumbermens petitioned for review by this court, and on December 16, 1986, the court granted respondent's motion to remand the case to the Board for reconsideration in light of the court's intervening decision in *Keener*.[5] On remand, the Board on March 30, 1987,

---

5. *Keener* held that the 1984 amendments to the LHWCA were not incorporated into the 1928 Act after its repeal. 800 F.2d at 1175.

reaffirmed its holding that OWCP had jurisdiction under the 1928 Act, but reversed its holding on the timeliness of the claim, which had been premised on the 1984 amendments to the LHWCA held inapplicable in *Keener*. A.R. at 1. This second petition for review, limited to the jurisdictional issue, followed.[6]

## II. ANALYSIS

### A. *The Board's Decision*

The Board held that "where a claimant who files an occupational disease claim ... has been exposed to injurious stimuli prior to the effective date of the [1979] Act, jurisdiction over the claim properly rests with the Department of Labor under the [LHWCA] as extended by the 1928 D.C. Act.... regardless of whether the claimant's injury becomes manifest after the effective date...." A.R. at 12. As the Board noted, a regulation issued by the Department of Labor similarly holds that the 1928 Act " 'applies to all claims for injuries or deaths based on *employment events* that occurred prior to July 26, 1982, the effective date of the District of Columbia Workers' Compensation Act.' " *Id.* at 11 (quoting 20 C.F.R. § 701.101(b) (1986)) (emphasis added by Board). Because it is a matter of local law, this "exposure rule" must now fall in light of its rejection by the District of Columbia Court of Appeals on certification in this case. 564 A.2d at 1172 (concluding that a manifestation rule on coverage "is most consistent with the intent of the D.C. Council").

The Board's suggestion that OWCP could exercise "concurrent" jurisdiction with DOES over such claims must also be rejected. A.R. at 12 n. 4 ("We do not intend to preclude jurisdiction over such a claim under the new [1979] Act and leave such jurisdictional determinations to local administrative authorities responsible for administering the new D.C. Act."). Under the District of Columbia Court of Appeals' holding, application of the 1979 and 1928

Acts are mutually exclusive, as the court found "nothing to suggest that the D.C. Council intended to afford an injured worker the option of discretionarily seeking compensation under either the 1928 Act or the 1979 Act." 564 A.2d at 1172 n. 17.

Other aspects of the Board's reasoning, however, are not undermined by the court's holding. The Board noted that its adoption of an exposure rule was "consistent with the well established rule that in occupational disease cases, the responsible employer is the employer during the last employment in which claimant was exposed to injurious stimuli, prior to the date of awareness of the occupational disease." A.R. at 10 (citing *Travelers Insurance Co. v. Cardillo*, 225 F.2d 137, 145 (2d Cir.), *cert. denied*, 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955)). Although the court rejected the rule for determining *coverage*, this "employer of last exposure rule," as codified in the new 1979 Act, will continue to determine *liability*. *See* D.C.Code § 36–310 (1988) ("In case of ... any ... generally recognized occupational disease, liability for compensation rests with the employer of last known exposure.").

The District of Columbia Court of Appeals also fully shared the Board's concern that adoption of a manifestation rule of coverage could effectively disenfranchise a class of workers who could not satisfy the "principally localized" requirement of the 1979 Act. The Board reasoned that

> an exposure-based test for determining jurisdiction under the 1928 Act is necessary to avoid the possibility of an employee not being covered under *any* workmen's compensation Act, thus subjecting employer to tort liability. The date of manifestation approach suggested by employer could deny coverage to claimants under *both* Acts, *e.g.*, if all of claimant's injurious exposure in the District occurs prior to July 26, 1982, and he

---

6. Respondent Gardner did not cross-petition for review of the Board's holding that his claim was untimely. Under the Board's ruling on remand, Mr. Gardner is not entitled to disability benefits but remains entitled to medical care expenses and attorneys' fees under the 1928 Act. *See* 564 A.2d at 1169 n. 7.

then retires and his occupational disease manifests itself afterwards, there would be no jurisdiction under the new 1982 D.C. Act because claimant would not have the requisite employment contacts in the District after July 26, 1982.

A.R. at 12 (citing D.C.Code § 36–303(a); *Jones v. PEPCO,* H & AS No. 83–182 (Oct. 23, 1985) (reproduced at A.R. at 99–102)). While the court agreed with the Board as to the problem, it did not adopt the same solution.

Rather than adopt an exposure rule for coverage, the District of Columbia Court of Appeals determined that the solution to this potential gap in coverage was to extend the coverage of the 1928 Act. The court found this limited extension of the 1928 Act to be most consistent with the District of Columbia Council's intent not to effect " 'changes in the law which will result in a loss of benefits or inequities to workers.' " 564 A.2d at 1174 n. 24 (quoting legislative history of 1979 Act).[7] As noted initially, therefore, the court held that "the 1979 Act applies to Gardner's claim unless he is deprived of coverage under that statute, and under any other state statute, in which event the 1928 Act will apply." *Id.* at 1176. This holding squarely defines the issues that must be addressed by the agency on remand.

#### B. *Issues on Remand*

As a result of the District of Columbia Court of Appeals' holding, OWCP will have jurisdiction over Mr. Gardner's claim only if it appears that neither DOES nor any other state's workers' compensation agency (*i.e.,* Virginia's) would exercise jurisdiction over the claim. The ALJ and the Board fell short of finding that Mr. Gardner would not be covered under any workers' compensation act if the 1928 Act were held not to apply. Whether the 1979 Act

would apply to Mr. Gardner was disputed before the Board. *See* A.R. at 67 (OWCP counsel: "If this claim is not covered by the old D.C. Act, it's also clearly not covered by the new D.C. Act...."); *id.* at 76 (Railco and Lumbermens counsel: "In my opinion, I think that they will be covered because of the intent not to leave anyone without a remedy."). The issue was contested in the briefs to this court. *See* Petitioners' Reply Brief at 14 ("It has not been demonstrated that the "principally localized" requirement would operate to defeat jurisdiction under the [1979] Act in the instant case, much less that the Virginia law would provide no remedy."). Sharing this court's view, the District of Columbia Court of Appeals merely commented that "[i]t is not entirely clear whether there is subject matter jurisdiction of Gardner's claim under the 1979 Act." 564 A.2d at 1174 n. 22 (citing cases, including *Jones v. PEPCO* ). This court, therefore, cannot reach the issue on the present record.

Accordingly, the matter must be remanded to the agency for further proceedings to determine whether any other state statute (including the 1979 Act) would cover Mr. Gardner.

*So ordered.*

---

**7.** The court states in concluding that "[a]ffording coverage under the 1928 Act *where the employer is the same at the time of the injurious exposure as well as at the time of the manifestation* after the effective date of the 1979 Act also is consistent with such indications as there are

that the Council did not intend for an injured employee to be without workers' compensation coverage as a result of the enactment of the 1979 Act." 564 A.2d at 1176 (emphasis added). It is unclear whether the highlighted clause is intended to limit the court's holding.