929 F.2d 736
 289 U.S.App.D.C. 143
 SHEA, S & M Ball Company and Seaboard Fire & Marine
Insurance Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR and Betty M. Holden, Respondents.
 No. 90-1436.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 18, 1991.
Decided April 9, 1991.
As Amended April 16, 1991.
 
 On Petition for Review of an Order of the Benefits Review board.
 John C. Lynch, with whom Alexander W. Whitaker was on the brief, for petitioners.
 Peter J. Vangsnes, with whom James A. Mannino was on the brief, for respondent Betty M. Holden.
 Samuel J. Oshinsky, Atty., Dept. of Labor, with whom Carol A. De Deo, Associate Sol., and Janet R. Dunlop were on the brief, for respondent Director, Office of Workers' Compensation Programs.
 Before WALD, RUTH BADER GINSBURG and THOMAS, Circuit Judges.
 Opinion for the Court filed by Circuit Judge WALD.
 WALD, Circuit Judge:
 
 
 1
 The District of Columbia Workmen's Compensation Act of 1928 ("1928 Act"), D.C.Code Sec. 36-501, et seq., (1973), was repealed by the District of Columbia Workers' Compensation Act of 1979 ("1979 Act"), D.C.Code Sec. 36-301 et seq. (1988 Repl.), but continues to govern claims arising from injuries that occurred prior to its repeal. The issue in this case is whether the 1928 Act gives the Department of Labor ("DOL") jurisdiction to award death benefits to the widow of an employee who was injured while the 1928 Act was in effect, but who died of causes unrelated to his employment injuries after the 1979 Act went into effect. The Benefits Review Board ("Board") held that it had jurisdiction and awarded the death benefits. Holden v. Shea, S & M Ball Co., BRB No. 87-1391, slip op. (Jan. 29, 1990). For the reasons discussed below, we deny the petition for review filed by the employer and its insurer, and we affirm the decision of the Board.
 
 I.
 
 2
 In 1928 Congress, acting as legislative authority for the District of Columbia, enacted the District of Columbia Workmen's Compensation Act of 1928, which made the provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. Sec. 901 et seq., applicable to private sector employees in the District. Congress also provided that the 1928 Act would be administered by the Department of Labor, with review of administrative decisions in this court. See Railco Multi-Construction Co. v. Gardner, 564 A.2d 1167, 1170 (D.C.1989). However, after Congress granted home rule to the District, the D.C. Council repealed the 1928 Act and enacted the District of Columbia Workers' Compensation Act of 1979, which "narrowed the scope of coverage and lowered the level of benefits available to injured workers." Id. at 1171. The 1979 Act is administered by the District of Columbia Department of Employment Services ("DOES"), with judicial review of administrative decisions in the D.C. Court of Appeals. Id.
 
 
 3
 Two additional facts about the enactment of the 1979 Act are directly relevant to this case. First, although the 1928 Act provided a death benefit to the spouse of a permanently disabled worker whose death was unrelated to the employment injury, 33 U.S.C. Sec. 909 (1982),[1] the 1979 Act provides a death benefit only if the employment injury causes the employee's death. D.C.Code Sec. 36-309 (1988 Repl.). Second, "[n]otwithstanding its repeal, the 1928 Act remains in force under the general savings statute, 1 U.S.C. Sec. 109 (1982), 'for the sole purpose of preserving the provisions of the [LHWCA], as they existed in 1982, for the benefit of employees whose claims are derived from injuries occurring before the [1979] Act became law.' " Railco Multi-Construction Co. v. Gardner, 902 F.2d 71, 73-74 (D.C.Cir.1990) (quoting Keener v. Washington Metropolitan Area Transit Authority, 800 F.2d 1173, 1175 (D.C.Cir.1986), cert. denied 480 U.S. 918, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987)).
 
 
 4
 In contrast to that complex legal background, the facts of this case are simple and uncontested. Betty Holden, the claimant, is the widow of Joseph Holden. Mr. Holden, who was injured in the course of his employment in the District of Columbia in 1974 and became permanently disabled in 1975, received disability benefits under the 1928 Act until he died on November 18, 1986, of causes unrelated to his employment injury. After her husband's death, Mrs. Holden filed a claim for death benefits under the 1928 Act with the DOL. In May, 1987, the deputy commissioner awarded the death benefits to Mrs. Holden.
 
 
 5
 On appeal to the Board, the employer claimed that the DOL lacked subject matter jurisdiction over the case because the 1928 Act had been repealed prior to Mr. Holden's death. The Board began its analysis by stating that it had previously rejected this argument in Lynch v. Washington Metropolitan Area Transit Authority, 22 Ben.Rev.Bd.Serv. (MB) 351 (1980), a case with similar facts. Holden at slip op. 2.[2] Nevertheless, the Board did not rely on Lynch in this case because it believed that the rationale of Lynch had been undercut by our decision in Railco Multi-Construction Co. v. Gardner, 902 F.2d 71 (D.C.Cir.1990). Holden, slip op. at 3. The question in Gardner was whether the 1928 Act or 1979 Act covers the claim for disability benefits of an employee who was exposed to injurious stimuli prior to July 26, 1982 (the effective date of the 1979 Act) but whose injury did not become manifest until after that date. Uncertain about how to answer this question of local law, we certified the question to the D.C. Court of Appeals. In response, the D.C. Court of Appeals adopted the "manifestation rule" and held that an injury occurs when the employee's injury becomes manifest. Gardner, 564 A.2d at 1172-73. Because the 1979 Act applies to injuries that occur on or after July 26, 1982, the court held that the 1979 Act applies if the injury becomes manifest after that date. Id. at 1173-74 & n. 21. The court recognized, however, that its holding might create a coverage "gap" that would deprive some injured employees of coverage under any workers' compensation act.[3] In order to avoid depriving an injured employee of any workers' compensation coverage, the court also held that the 1928 Act should be extended to cover an injured employee who falls within the coverage gap. Id. at 1175-76.
 
 
 6
 After the District of Columbia Court of Appeals answered the question on certification, we reaffirmed that the 1979 Act applies to claims derived from injuries occurring after July 26, 1982, and that an injury is deemed to occur when it becomes manifest. Gardner, 902 F.2d at 72-74. We therefore held that the DOL regulation, which adopted the "exposure rule" by providing that the 1928 Act applies to all injuries arising out of "employment events" that occurred before July 28, 1982, must "fall in light of its rejection by the District of Columbia Court of Appeals." Id. at 75.
 
 
 7
 Apparently believing that our explicit rejection of the DOL exposure rule precluded it from relying on Lynch to find subject matter jurisdiction under the 1928 Act, the Board in this case based its claim of jurisdiction on Gardner instead. Holden, slip op. at 4. As required by Gardner, the Board considered whether Mr. Holden's death was covered by any workers' compensation act. The 1982 Act did not cover Mr. Holden's death, the Board found, because Mr. Holden was not employed in the District after July 26, 1982. Holden, slip op. at 5. Because Mr. Holden's injury occurred in Washington, D.C., the Board also found that his death was not covered under any other workers' compensation act. Therefore, the Board concluded, "the 1928 Act applies to fill the gap [in coverage] in this case," just as it had in Gardner. Id. This petition for review followed.
 
 II.
 
 8
 Petitioners raise two objections to the Board's decision. First, they contend that the Board did not have jurisdiction over Mrs. Holden's claim because it arises under the 1979 Act. Second, they allege that Gardner is inapposite and does not "extend" the 1928 Act to cover Mrs. Holden's claim. Although respondents Mrs. Holden and the Director of the Office of Workers' Compensation Programs ("Director") argue that Gardner does apply by analogy and thus the Board can be affirmed for the reasons explained in its opinion, they also argue that the Board did not need to reach this issue because Mrs. Holden's claim is clearly rooted in the 1928 Act itself. In their view, no "extension" of the 1928 Act was needed to cover her claim. For the reasons discussed below, we agree with respondents that Mrs. Holden's claim arises under the 1928 Act itself, and therefore deny the petition for review.[4]
 
 
 9
 The question of whether the 1928 Act or the 1979 Act applies in this case is one of local law; accordingly, we look to the District of Columbia precedent and regulations for guidance. See Gardner, 902 F.2d at 72. The District of Columbia Court of Appeals has held that "a worker injured before [July 26, 1982] ha[s] no rights under the [1979] act, as such an injury was then still covered by the 1928 Act, and compensability depends on its provisions." O'Connell v. Maryland Steel Erectors, Inc., 495 A.2d 1134, 1141 (D.C.1985), cert. denied, 475 U.S. 1066, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986); see also Keener, 800 F.2d at 1175 (the 1928 Act remains in effect, under the general savings statute, "for the benefit of employees whose claims are derived from injuries occurring before the [1979] Act became law"). In addition, the District of Columbia regulations provide that the 1979 Act applies to "injuries which occur on or after July 26, 1982...." D.C.Reg. Sec. 3602.1, 29 D.C.Reg. 5540 (Dec. 17, 1982). Taken together, the precedent and regulations indicate that the 1928 Act covers claims arising from injuries that occurred before July 26, 1982, while the 1979 Act covers claims arising from injuries occurring on or after that date.
 
 
 10
 Recognizing that the precedent establishes that the 1928 Act covers claims arising from "injuries" that occurred before July 26, 1982, petitioners contend that Mrs. Holden's "injury" occurred when her husband died on November 19, 1986. But we can find no support for petitioners' assertion that "in a claim for death benefits, the injury occurs when the spouse dies and not when the spouse was injured." Instead, the cases cited in petitioners' brief establish only that a death benefits claim is a separate cause of action from the worker's disability claim that does not arise until the death of the worker. See, e.g., Nacirema Operating Co. v. Lynn, 577 F.2d 852 (3d Cir.1978), cert. denied, 439 U.S. 1069, 99 S.Ct. 836, 59 L.Ed.2d 34 (1979); Norfolk, Baltimore and Carolina Lines, Inc. v. Director, Office of Workers' Compensation Programs, 539 F.2d 378 (4th Cir.1976), cert. denied, 429 U.S. 1078, 97 S.Ct. 823, 50 L.Ed.2d 798 (1977). But the District of Columbia precedent discussed above indicates that, for purposes of determining coverage under the two Acts, the relevant question is not when the cause of action arose, but when the injury giving rise to that cause of action occurred.
 
 
 11
 In our view, the statutory language of both Acts and the precedent establish that a death benefits claim derives from the worker's employment-related injury. Section 9 of the 1928 Act, for example, provides a death benefit "[i]f the injury causes death, or if the employee who sustains permanent total disability due to the injury thereafter dies from causes other than the injury." 33 U.S.C. Sec. 909 (1982). Similarly, Sec. 36-309 of the 1979 Act provides a death benefit "[i]f the injury causes death...." D.C.Code Sec. 36-309 (1988 Repl.). This language indicates that the death benefits claim is an offspring of the employment injury: in the absence of an employment-related injury, a worker's death is not covered under either Act.
 
 
 12
 In addition, as the Board recognized in Lynch, there is precedent under the LHWCA supporting respondents' claim that a claim for death benefits, like a claim for disability benefits, is rooted in the employment injury. Lynch, 22 Ben.Rev.Bd.Serv. at 354. In Pennsylvania National Mutual Casualty Insurance Co. v. Spence, 591 F.2d 985, 987 (4th Cir.), cert. denied, 444 U.S. 963, 100 S.Ct. 448, 62 L.Ed.2d 375 (1979), the Fourth Circuit explained that although the LHWCA provides
 
 
 13
 for two separate rights and types of recovery, the beneficiaries of which are different[,] ... both types of recovery derive their basis from the same event, i.e., the employee's injury. It is that event which gives both a right to compensation payments under Sec. 908 and a right to death benefits under Sec. 909. Neither right of action, whether for compensation payments or for death benefits, exists apart from the critical fact of injury; each is dependent for its basis on the injury. It is inaccurate, therefore, to state that the right to the death benefits has its origin solely in the event of death; the real source of the liability for such benefits under the Act traces directly back to the injury itself.
 
 
 14
 See also Travelers Insurance Co. v. Marshall, 634 F.2d 843 (5th Cir.1981). Consequently, the Board in Lynch correctly recognized that the employment injury "forms the basis for the claim for death benefits." Lynch, 22 Ben.Rev.Bd.Serv. at 354.
 
 
 15
 Thus, we end up agreeing with respondents that a claim for death benefits, like a claim for disability benefits, is derivative of the employment injury itself. Precedent establishes that the 1928 Act remains in effect for claims derived from injuries that occurred before July 26, 1982. Because Mr. Holden was injured during his employment in the District in 1974, we hold that Mrs. Holden's claim for death benefits is covered by the 1928 Act. We therefore deny the petition for review and affirm the Board's award of death benefits to Mrs. Holden.[5]
 
 III.
 
 16
 In sum, because Mr. Holden was injured before July 26, 1982, his injury was covered by the 1928 Act, and he had no rights under the 1979 Act. In addition, Mr. Holden's employment injury established the basis for Mrs. Holden's death benefits claim. Thus her claim for death benefits, like his claim for disability benefits, arises from the employment injury and is covered by the 1928 Act. Accordingly, we hold that the Board had jurisdiction and properly awarded death benefits to Mrs. Holden, and we deny the petition for review.
 
 
 17
 It is so ordered.
 
 
 
 [1]
 In 1984, however, Congress removed this provision from the LHWCA. See Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98-426, 98 Stat. 1639 (1984). Thus, the LHWCA, like the 1979 District of Columbia Workers' Compensation Act, currently provides a death benefit to the employee's surviving spouse only if the employment injury causes the employee's death. See 33 U.S.C. Sec. 909 (1989)
 
 
 [2]
 In awarding the death benefit to the widow in Lynch, the Board first held that "although a claim for death benefits is a separate cause of action which does not arise until the employee's death, the liability of the employer for death benefits is fixed at the time of injury rather than at the time of death." Lynch, 22 Ben.Rev.Bd.Serv. at 354. Thus although the decedent's death occurred after the repeal of the 1928 Act, the claim for death benefits was governed by the 1928 Act because "it is decedent's permanent total disability that forms the basis of the claim for death benefits." Id. In addition, the Board found further support for its holding in a DOL regulation stating that the 1928 Act applies to claims "for injuries or deaths based on employment events that occurred prior to July 26, 1982, the effective date of the [1979 Act]." Id. at 354 & n. 2 (citing 20 C.F.R. Sec. 701.101(b))
 
 
 [3]
 For example, because the 1979 Act narrowed the subject matter jurisdiction of the D.C. worker's compensation act, an employee could have been within the subject matter jurisdiction of the 1928 Act when he was exposed to the injurious stimuli, but outside the subject matter jurisdiction of either the 1979 Act or any other workers' compensation act when his injury became manifest. See Gardner, 564 A.2d at 1174. An employee who worked in the District only prior to July 26, 1982, but whose injury manifested itself after that date, could also be caught in the coverage gap: he would not be covered under the 1928 Act (because he was not "injured" while it was in effect) or the 1979 Act (because he was not employed in the District after it went into effect). See Gardner, 902 F.2d at 75-76
 
 
 [4]
 We are aware of the well-established principle of administrative law that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." SEC v. Chenery Corp., 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943). But that statement "is to be understood with a qualification; the order must be judged upon the grounds upon which action was based, unless the appellate court concludes that the decision 'already made ... should properly be based on another ground within the power of the appellate court to formulate.' " Chae-Sik Lee v. Kennedy, 294 F.2d 231, 234 (D.C.Cir.), cert. denied sub nom., Lee v. Kennedy, 368 U.S. 926, 82 S.Ct. 362, 7 L.Ed.2d 190 (1961) (quoting Chenery, 318 U.S. at 88, 63 S.Ct. at 459). That qualification covers this case because the validity of the Benefit Review Board's decision does not depend upon a factual determination or a policy judgment that it alone is authorized to make. Furthermore, "the Benefits Review Board is not a policymaking agency; its interpretation of the LHWCA thus is not entitled to any special deference from the courts." Potomac Electric Power Co. v. Director, Office of Workers' Compensation Programs, 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 515 n. 18, 66 L.Ed.2d 446 (1980). Therefore, because the issue in this case is "within the power of the appellate court to formulate," we may affirm for reasons other than those stated by the Board. See Chenery, 318 U.S. at 88, 63 S.Ct. at 459
 We are mindful, moreover, that the Board displaced its Lynch precedent in the belief that Gardner so required. Having clarified that Gardner and Lynch are harmonious decisions, we think it evident that our view and the Board's now coincide.
 
 
 [5]
 In so holding, we reject petitioners' assertion that even if the Board had jurisdiction, it should not have awarded the death benefit because at the time of Mr. Holden's death, the LHWCA, as amended in 1984, provided a death benefit only if the employee's death was caused by the employment injury. See 33 U.S.C. Sec. 909 (1986). Petitioners' argument is foreclosed by Keener, in which this court held that because "the repeal of the 1928 Act had the effect of severing the application of the [LHWCA] to the District of Columbia in 1982, the subsequent 1984 amendments were without effect on the law of the District." 800 F.2d at 1175. As a result, claims arising under the 1928 Act are governed by the 1928 Act as it existed when the 1979 Act went into effect on July 26, 1982. Id. Because, at the time of repeal, the 1928 Act provided a death benefit for the spouse of a permanently disabled employee who died from causes unrelated to the employment injury, Mrs. Holden is entitled to a death benefit under the 1928 Act