Earl C. DAVIS, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,** et al., Respondents.

No. 04–1025.

United States Court of Appeals, District of Columbia Circuit.

March 1, 2005.

Earl C. Davis, Clinton, MD, pro se.

Susan Hutton, U.S. Department of Labor, Washington, DC, Donald P. Maiberger, Anderson & Quinn, Rockville, MD, Robert Alan Rapaport, Dana Adler Rosen,

Clarke, Dolph, Rapaport, Hardy & Hull, Norfolk, VA, for Respondents.

Before SENTELLE, ROGERS, and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review of an order of the Benefits Review Board ("Board") was considered on the briefs and appendices filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

■ Petitioner is asking this court to determine that the district court has exclusive jurisdiction to review the Benefits Review Board's ("Board") decision on his entitlement to certain medical benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), as extended by the previously-codified District of Columbia Workmen's Compensation Act of 1928 ("DCWCA"), D.C.Code §§ 36–501 et seq.[1] Under the applicable statutory scheme, however, the Board adjudicates the entitlement to a specific medical benefit award

and judicial review is in the Court of Appeals. 33 U.S.C. § 921(b) (1972).[2] The district court has jurisdiction only to process and enforce such an award. 33 U.S.C. § 921(d). This court has no authority to alter this review structure.

## I.

The DCWCA covered most employment in D.C. between 1928 and 1982. Although the DCWCA was repealed in July 1982, it remains in effect for pre–1982 injuries such as petitioner's and incorporates the version of the LHWCA that was in effect when the DCWCA was repealed. *See* LHWCA Amendments of 1972, Pub. L. 92–576, § 14, 86 Stat. 1251, 1261; *Keener v. WMATA*, 800 F.2d 1173, 1179 (D.C.Cir. 1986). The LHWCA establishes a comprehensive and exclusive administrative scheme for resolving work-related injury disputes. 33 U.S.C. §§ 921(b), (c), (d), (e) (discussing the functions of the Board and administrative law judges, and explaining the different functions of the district court and court of appeals in handling LHWCA claims); *see Railco Multi–Construction Co. v. Gardner*, 902 F.2d 71, 73–75 (D.C.Cir.1990).

Under the LHWCA's 1972 amendments, an administrative law judge ("ALJ") holds a hearing to resolve disputed facts concerning a claim for medical benefits, 33 U.S.C. § 919(d), the ALJ issues a "compensation order," *id.* § 919(e), and the Board reviews the ALJ's decision. *Id.* § 921(b)(3). The ALJ's findings of fact "shall be conclusive if supported by substantial evidence in the record considered as a whole." *Id.* If judicial review is

---

1. Although the D.C.Code has been recodified recently, reference is made to the 1973 edition because the now-repealed DCWCA incorporates the 1972 version of the LHWCA in this case because the injuries occurred prior to the 1982 repeal of the DCWCA. *See, e.g.,*

*Slattery Associates v. Lloyd,* 725 F.2d 780, 782 n. 1 (D.C.Cir.1984).

2. Unless otherwise indicated, all citations to the LHWCA are to the 1972 version.

sought, review is in the U.S. Court of Appeals for the circuit in which the injury occurred. *Id.* § 921(c).

Under this scheme, there are no proceedings in district court. If, however, after a final compensation order is issued by the administrative agency, an employer fails to comply with the Board's benefits award, enforcement proceedings may be brought in the appropriate United States district court. *Id.* § 921(d).

## II.

In 1982, petitioner's entitlement to certain medical benefits was determined by the Board. Later that year, petitioner filed an enforcement action in district court. In 1982, that court established procedures for petitioner to obtain payment from the employer's carrier, Liberty Mutual Insurance Co ("Liberty Mutual"). In 2001, the district court modified those procedures and directed, among other things, that the parties try to resolve any medical billing disputes with the help of a designated "settlement judge."

The ALJ was subsequently notified of the parties' inability to resolve their disputes and thereafter resumed the proceedings at the agency level (on the matters of Dr. Snow's bills; the Sibley Hospital bill; petitioner's claim for reimbursement of medications, mileage, parking, and exercise equipment; and petitioner's request to buy a powered wheel chair and van lift). The Board affirmed the ALJ's refusal to hold the employer liable for the various medical charges submitted by petitioner for reimbursement or authorization.

Petitioner now challenges that entitlement determination. Consideration of this petition for judicial review requires the court to ensure that the Board did not exceed its scope of review. To make that assessment, the court needs to determine "(1) whether the Board adhered to the applicable scope of review, (2) whether the Board committed any errors of law, and (3) whether the ALJ's findings are supported by substantial evidence on the record considered as a whole." *Crum v. General Adjustment Bureau,* 738 F.2d 474, 477 (D.C.Cir.1984). Substantial evidence is what a reasonable person would accept as adequate to support a conclusion. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ The Board's decision is affirmed; not only did the Board adhere to the appropriate scope of review and commit no errors of law, but the ALJ's conclusions are supported by substantial evidence in the record. Based on an examination of bank statements showing Liberty Mutual had fully reimbursed petitioner for the amount he claimed for prescription drugs, over-the-counter medication, mileage, and parking fees, the ALJ properly rejected that claim. Joint appendix ("JA") at 26–27.

■ Based on petitioner's failure to seek prior authorization for exercise equipment he purchased which was fancier and more expensive than the equipment which had been approved in advance by Liberty Mutual, and his failure to demonstrate an emergency which justified purchasing the equipment without prior approval, the ALJ properly rejected the claim for the difference between the authorized amount and the amount ultimately paid. *See* 33 U.S.C. § 907(d) (claimant may not obtain reimbursement for medical treatment or services unless he requests authorization prior to obtaining the treatment or services, except in cases of emergency or refusal or neglect of the request by the employer or the insurer); JA at 27.

■ Moreover, petitioner's claim for authorization to purchase a powered wheelchair and van lift was properly denied

**4**

because he failed to demonstrate that either apparatus was medically necessary or reasonably related to his work-related injury. JA at 31. Under the LHWCA, a claimant seeking an award of medical benefits bears the burden of persuasion that his request is medically reasonable and necessary. *See Director, OWCP v. Greenwich Collieries,* 512 U.S. 267, 279–80, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994); JA 16.

In addition to challenging these determinations, petitioner asks this court to apply the contempt provisions of section 27(b), 33 U.S.C. § 927(b), to hold the insurer in contempt for failure to comply with the district court's March 2001 modified order. Section 27(b) applies only when an agency adjudicator has made a finding of contempt and "certif[ies] the facts to the district court having jurisdiction in the place in which he is sitting (or to the United States District Court for the District of Columbia if he is sitting in such District). . . ." 33 U.S.C. § 927(b). The ALJ here made no finding of contempt and submitted no certification of facts to the district court.

Petitioner also asks this court to impose sanctions on the insurer for misstatements made and alleged attorney misconduct occurring during the November 2003 district court proceedings. Because the district court proceedings are entirely separate and distinct from the proceedings under review here, and because the issues arising from those proceedings are not before this court, the request for sanctions need not be considered.